**GALLAGHER et al. v. GALLAGHER et al.**

No. 11012.

Court of Civil Appeals of Texas. San Antonio.

June 18, 1941.

542

W. E. Pope and Jack Pope, both of Corpus Christi, for appellants.

Perkins & Floyd, of Alice, Boone, Henderson, Boone & Davis, of Corpus Christi, Minor W. Pitts, Jr., of Corpus Christi, Sidney P. Chandler, of Corpus Christi, Karl Strieber, of San Antonio, J. B. Trimble, of Corpus Christi, Frank T. Morrill, of Alice, J. Allen Wood, of Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from an order overruling the plea of privilege of Joe H. Gallagher, and a plea in abatement raising a venue question filed by John J. Gallagher. Appellants here treat the plea of privilege and plea in abatement as having raised the same questions.

This suit is one for the partition of lands situated in Jim Wells County, brought in the District Court of said county by Charlotte M. O'Brien against Leona Sullivan and seven others, who, with plaintiff, are devisees under the last will and testament of Theresa M. Gallagher, deceased. John T. Wright, Roy Hebert and K. E. Schlabach, independent executors under the last will and testament of Theresa M. Gallagher, deceased, were also named as defendants. The executors impleaded Joe H. Gallagher and John J. Gallagher, who were also devisees under the last will and testament of Theresa M. Gallagher, alleging that there was an issue of title in and to the land involved, between plaintiff and defendants (other than the executors) on one hand, and Joe and John Gallagher on the other. Joe Gallagher, a resident of Nueces County, filed a statutory plea of privilege. John Gallagher, a resident of Jim Wells County, filed a plea in abatement asserting, in effect, that proper venue of the suit lay in Nueces County, as the last will and testament of Theresa M. Gallagher had been probated in said county.

Appellants' first assignment is overruled. The controverting affidavits refer to the pleading of the executors for the purpose of showing the nature of the suit. This pleading shows that a question of title was involved. It was also established by undisputed evidence that the greater part of the land constituting the subject matter of the suit was situated in Jim Wells County. The venue facts prescribed in Exception 14 of Article 1995, Vernon's Ann.Stats. were therefore established. J. M. Radford Grocery Co. v. Duncan, Tex.Civ.App., 67 S.W.2d 463; Smith v. Abernathy, Tex.Civ. App., 6 S.W.2d 147; 43 Tex.Jur. 816, § 87. Whether this case be considered strictly as a partition suit, or a partition suit involving an issue of title, the venue is properly laid in Jim Wells County. Exception 13, Article 1995; Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223; Tide Water Oil Co. v. Bean, Tex.Sup., 148 S.W. 2d 193.

The fact that the suit may involve the construction of the last will and testament of Theresa M. Gallagher, deceased, which was probated in Nueces County, would not serve to invest the district court of said county with the exclusive venue of the suit. In Crosson v. Dwyer, 9 Tex.Civ. App. 482, 30 S.W. 929, this Court upheld the action of the trial court in overruling a plea to the jurisdiction which asserted that exclusive venue of a suit to construe a will was vested in the District Court of the county wherein the will was probated.

Appellants, in their second assignment of error, assert that the order appealed from should be reversed because of a defect of parties—an asserted lack of necessary parties. A question of defect of parties is not raised by a plea of privilege.

Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358. Appellants' second assignment is overruled.

 Appellants next contend that the district court's order on the plea of privilege is void, as the record fails to show service of the controverting affidavits upon all of the defendants below. This contention is without merit. Both of the appellants filed pleadings attacking the controverting affidavits and participated in hearings held by the court below. They are in no position to take advantage of a defect in service upon some other parties to the suit, even if such service be considered necessary. Duvall v. Boyer, Tex.Civ.App., 35 S.W.2d 181.

Appellants' three assignments of error are overruled and the order appealed from is affirmed.