In the Matter of the Construction of the Will of Sara N. S. Stever, Deceased.

William F. S. Root, Appellant; John Winters, Respondent.

Third Department, March 24, 1948.

*Wilson & Connor* for appellant.

*John C. Dardess* for respondent.

BREWSTER, J.   The administrator of one of the distributees of the testatrix appeals from a decree of the Surrogate's Court which construed certain provisions of the will. The testatrix was elderly. She lived alone. She was not a lawyer. Her will was holographic. Its admission to probate was affirmed upon a former appeal to this court, wherein its validity had been challenged because it was written upon separate and unattached sheets of paper. (*Matter of Stever,* 268 App. Div. 559.)

The provisions which have been construed are among those which comprise the ending of its disposing part, and are as follows:

" I hereby appoint John Winters who has been a good neighbor to me for over 25 years, to be the Executor to serve without bond, and I give him the Power of Attorney, so that he may settle it as if I wer[e] doing it my self, just as if I were handing them a little red apple.

" To Christina Winters I give what is in the house that I dont otherwise dispose of, but as to my clothes they must not go to any rummage sale, or anything of that sort, she can give to her friends or burn what she does not want.

" John Winters has what is in the out building, that I have not disposed of."

Immediately preceding the provisions just quoted was one by which the testatrix devised all of her real estate to the aforesaid " John Winters and Christina his wife jointly ", and preceding that divers legacies of money and specific things were bequeathed to various other legatees, one of whom was appellant's intestate.

The facts which have given rise to the problem of the construction are, that when the testatrix made her will she owned and was in immediate possession of thirteen stock certificates of the capital stock of seven well known corporations; that, in

accordance with her custom and practice, she kept these certificates in a secret wall space in her home along with her will and her diary; that after her death these certificates were found by her cousin, appellant's intestate, in a desk in her home, " * * * in the sitting room in a drawer in the desk." The question is whether the bequest made to Christina Winters in the provisions of the will above quoted was sufficient to constitute a bequest of the shares and interests of the testatrix in the corporate stock represented by the certificates.

The rule of *ejusdem generis* upon which appellant relies, is not decisive. It is doubtful whether it is even applicable. In the bequest in question, what is given is preceded by no specific description of subject matter followed by a general one. Rather, it gives " * * * what is in the house that I dont otherwise dispose of * * *." Those things in the house given to others and specifically described, of course, formed no part of the bequest under consideration. The fact that resort to them is necessary to identify the gift of the residue in the house does not awaken the *ejusdem generis* rule because there is only a general description of the subject matter of the residue which is given to Mrs. Winters, and it may not be said that, under the evidence, such description refers only to ordinary household contents.

The question, to state it in general terms, is: whether a testamentary gift of " what is in " a house, a safe, a box, or other place of deposit, includes the donor's interest in corporate stock that is evidenced by his certificates thereof which he there customarily, knowingly, and purposely keeps in custody. The affirmative has been generally held. (See *Matter of Thompson*, 217 N. Y. 111, 115, and cases cited.) But like so many questions in will construction, the answer may depend upon the ascertained intent of the testator, and the question as here presented invites that inquiry. Here there is abundant proof that when the testatrix made her will, she had all of her property in mind; that she was conscious of her ownership of her corporate stock, the evidence of her title to which she kept in close custody, secreted in her house. The evidence amply sustains a finding that by her words of gift to Christina Winters she intended to include, as being " in the house " and not otherwise " disposed of " her stock certificates. So intending, then it must be said that they were so given, and, so given, then, under the evidence, it can but be said that the gift of the certificates evidenced her intention to give her beneficial interest in all that they represented.

The rule that the presumption against disherison is stronger than the presumption against partial intestacy, *Close* v. *Farmers' Loan and Trust Co.* (195 N. Y. 92, 100), is a result of the comparative strength of those presumptions when they meet in head-on conflict. Where they are alone in combat, the stronger disarms the weaker but, I think it may be said, it may still be unable to overcome a showing of testamentary intention as manifested by all the relevant evidence, and that in such manifestation, the weaker presumption may still play its part and add its force.

Once we find, or approve the Surrogate's finding, as I think we should, that the testatrix intended to include in her gift to Christina, her interest in the corporate stock, we may, to effectuate that intention, employ a free translation of her words of gift where they are inexact, indefinite, or ambiguous. (*Matter of Stanton*, 230 App. Div. 574.) We may also resort to the doctrine of " legacy by implication " that is, one which is " * * * created, not by a direct or express gift, but inferred from language which shows an intention to give the legacy, and can have no other reasonable explanation." Under that doctrine there is an approved rule of construction to the effect that the inference which supports the gift need not " * * * be irresistible or such as to exclude all doubts possible to be raised, but [it] must, nevertheless, be such as to leave no hesitation in the mind of the court, and [it] must not rest on mere conjecture." (*Matter of Vowers*, 113 N. Y. 569, 571; *Bradhurst* v. *Field*, 135 N. Y. 564, 568.) Earlier it was put this way: " To devise an estate by implication, there must be such a strong probability of an intention to give one, that the contrary cannot be supposed." (*Post* v. *Hover*, 33 N. Y. 593, 599.) I think this principle and this rule may be applied here. Under the evidence the language of the gift easily gives rise to the inference that the testatrix intended to include her corporate stock in her gift to Christina Winters. That inference, if not irresistible, certainly leaves no hesitation in the mind. It cannot be supposed to the contrary upon any reasonable premise. Indeed, it shocks reason to suppose that, after expending all the care and effort which she employed in the preparation of her will, and under the circumstances surrounding, she did not intend to dispose of the very considerable part of her estate which consisted of her corporate stock.

The decree appealed from in terms denied the prayer of the petitioner and dismissed the petition. This was an inaccuracy since the petition only prayed for a construction of the will

and such was had. The decree further adjudged, in substance, that the testatrix did not die intestate as to any of her property and that the provisions of the will which were construed constituted " * * * a sufficient residuary clause * * * to provide for the disposition of any residue left by the said testatrix." We consider the language of this adjudgment technically incorrect. Strictly speaking, the provisions of the will under consideration do not constitute an all embracing residuary clause, and we are not here concerned with the possibility that the decedent may have owned other property than that which she disposed of by her will. The aforesaid provisions of the decree should be modified by adjudging in words or substance: that the bequest made to Christina Winters included the thirteen stock certificates, kept in the house of the testatrix and there found at the time of her death, and the property, shares and beneficial interest of the testatrix in the stock and property of the various corporations evidenced by such certificates. The decree should be modified accordingly and as modified, affirmed, with separate bills of costs to respondent and to appellant, payable out of the estate.

HILL, P. J., HEFFERNAN, FOSTER and DEYO, JJ., concur.

Decree modified, on the law and facts, as stated in the opinion and as modified, affirmed, with separate bills of costs to respondent and to appellant, payable out of the estate.