**Nelda Jo WARNER et al., Appellants,**

v.

**Albert PLUMMER, Appellee.**

**No. 3851.**

Court of Civil Appeals of Texas.

Waco.

March 8, 1962.

Rehearing Denied March 29, 1962.

Combs & Mitchell, Houston, for appellants.

Richard H. Powell, Houston, for appellee.

WILSON, Justice.

Plaintiffs pleaded deceased, Warner, died as a result of injuries resulting from being struck in the head by revolving machinery on defendant's drilling rig on which Warner had been engaged to install equipment. It was alleged that the portion of the machinery with which he came in contact was some part of an engine clutch; that the engines were idling and the clutches had presumably been disengaged, but, unknown to deceased, "the clutches were either not disengaged, or were thrown in gear without notice to him." Negligence alleged included failure of defendant to stop the engines and clutches while deceased was working near them, failure to disengage and immobilize the clutches while the engines were operating, or putting the clutches into operation without notice while defendant was working.

The jury made findings that the clutch was turning prior to the accident, and deceased knew it was turning, understanding

its operation; found deceased placed his head closer to the clutch than would a person of ordinary prudence; that he failed to wear a steel safety hat; failed to stop, or notify defendant's driller to stop rotation of the clutch, or notify that he was using an opening near the clutch; that he voluntarily exposed himself to dangers he knew and appreciated. Negligence of deceased in the respects answered was found to be a proximate cause. The jury answered that defendant's failure to stop the rotating clutch was negligence and a proximate cause. Judgment was rendered for defendant on the verdict.

■ Plaintiffs' principal contention is that the findings that the clutch was revolving before the accident are not supported by and are contrary to the evidence, and are against the overwhelming preponderance of the evidence. They concede that the testimony of all witnesses, six in number, was that the clutch was revolving at all times and "was not turned on after he got his head near it, as appellants contend." They ask that we say this evidence will not support the findings because it is "contrary to natural law, common sense and human nature" that deceased would permit his head to come in contact with the revolving clutch; and that under the circumstances surrounding the accident, for him to place his head far enough into the narrow area adjacent to the clutch to be struck by a coupling protruding from the clutch required that he do so consciously and deliberately. Hence, they say, the clutch must have been at rest. They say this contention is applicable to all other findings, and they are based on insufficient evidence. It is impossible to summarize the evidence briefly. We have tediously examined the ponderous record of a trial lasting nearly three weeks, and have carefully considered appellants' contentions in the light of that record, and although they are persuasively presented, we are unable to sustain them.

■■ We are asked to reverse because the court failed to file findings of fact and conclusions relating to alleged jury misconduct and communications of counsel in the hearing on their motion for new trial as requested by appellants under Rule 296, Texas Rules of Civil Procedure. That Rule applies to a "trial by the court." In Eichelberger v. Rankin, Tex.Civ.App., 278 S.W. 2d 278, writ ref. n. r. e., Justice Norvell wrote that under the Rule "a trial judge is not required to file findings and conclusions as to matters raised upon a motion for new trial in a jury case, Connor v. Heard & Heard, Tex.Civ.App., 242 S.W.2d 205." See also Viking Construction Co. v. Beaird, Tex.Civ.App., 337 S.W.2d 699, 704. We are urged to overturn the rule. We think it is sound.

We have fully considered other points, extended discussion of which would not be helpful. In our opinion they do not require reversal.

Affirmed.