**Gene THORNHILL et al., Appellants,**

v.

**Mrs. Trupy ELSKES et al., Appellees.**

**No. 4236.**

Court of Civil Appeals of Texas.

Waco.

May 21, 1964.

Rehearing Denied July 23, 1964.

T. E. Kennerly, Houston, for appellants.

McLaughlin, Clark, Fisher, Gorin & McDonald, George Clark and Leonard Gorin, Waco, for appellees.

McDONALD, Chief Justice.

This case was filed in the 19th District Court of McLennan County in 1963, by Mrs. Trupy Elskes (Co-Independent Executrix; devisee; and trustee for another devisee), against the other Co-Executors; devisees; and all other persons interested in the estate; to construe the last will (and a codicil), of A. S. Fletcher, deceased.

Fletcher's last will, and a codicil, were probated together in Waller County, Texas in 1961.

The defendants (who are appellants here) filed pleas of privilege to be sued in Waller County, but filed no answers to the merits; the defendants Crim filed no pleas of privilege; but filed answer to the merits. The pleas of privilege were controverted, and upon hearing the Trial Court overruled such pleas of privilege.

Thereafter, the Trial Court on October 23, 1963, (the pleas of privilege having been overruled and no answers filed to the merits by appellants), granted nil dicit judgment against appellants; and after a hearing on October 29, 1963 in which plaintiffs and defendants Crim participated, rendered final judgment on October 31, 1963, construing the will and codicil as contended for by appellees.

Appellants are before this court on petition for writ of error to the judgment of the Trial Court. There is no statement of facts.

Appellants contend the Trial Court erred: 1) In not sustaining the pleas of privilege and transferring the case to Waller County; and 2) In the construction placed on the will and codicil.

■ We revert to appellants' 1st contention. The suit is one to construe a will. It was filed in the District Court of McLennan County, by a plaintiff who is a co-executrix as well as a devisee. Four of the defendants (one of whom is a devisee) live in McLennan County; the others live in Harris and Navarro Counties. Appellants contend exclusive venue in Waller County because the will had been probated there. Appellees assert venue in McLennan County under Subdivision 4, Article 1995, Vernon's Ann.Tex.Civ.St.

The power to construe wills is vested in the District Court by separate and independent action, after the will has been probated. Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588; McCarty v. Duncan, Tex. Civ.App. (n. w. h.) 330 S.W.2d 899. The District Court of the county in which the will is probated does not, however, have exclusive jurisdiction of a suit to construe such will. Fairbanks v. McAllen, Tex.Civ. App. (Er. Ref., 170 S.W.2d 581; Gallagher v. Gallagher, Tex.Civ.App. Er. Dis., 153 S.W.2d 541.

■ All devisees of a will are necessary parties in a suit for declaratory judgment to construe such will. Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25; Weems v. Frost Nat. Bank, Tex.Civ.App., Er. Dis., 275 S.W.2d 956.

■ Plaintiffs' cause of action is against 2 or more defendants, one of whom lives in McLennan County; (the defendant living in McLennan County was a necessary party). Subdivision 4, Article 1995, V.A.T.S. provides that such suit may be brought in any county where one of the defendants (who is a necessary party) resides. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758.

■ The Trial Court's order overruling appellants' pleas of privilege is correct. Moreover, absent a Statement of Facts, which is appellants' duty to bring forward, there can be no showing to the contrary. Cowling v. Colligan, 158 Tex. 458, 312 S.W. 2d 943; Ehrhardt v. Ehrhardt, Tex.Civ. App., Er. Ref., 368 S.W.2d 37.

Appellants' 2nd contention is that the Trial Court erred in the construction it placed on the will and codicil.

Pertinent portions of the will and codicil are:

### THE WILL

"* * *

"FIRST. I desire and direct that my body be buried in a decent and Christianlike manner * * *.

"SECOND. It is my will and desire that all the property both real and personal, that I may die seized and possessed of, after payment of all my just debts, together with all the expenses

incident to the probating of this will, shall pass to the within named devisees, to-wit:

"I hereby give, devise and bequeath unto Mrs. Trupy Elskes of Hillsboro, Texas, in trust and as Trustee for the use and benefit of my brother, Hurston W. Fletcher, an undivided ⅐ interest in all of my real and personal property, wheresoever situated and howsoever acquired. * * *

"All of the rest and residue of my estate, both real and personal, wheresoever situated and howsoever acquired, I give, devise and bequeath unto my brother and sisters, namely: Mrs. Fannie Smith of Houston, Texas; Mrs. Tracy Smith of Corsicana, Texas; Mrs. Trupy Elskes of Hillsboro, Texas; C. G. Fletcher of Los Angeles, California; Mrs. Myrtle Ogle of Waco, Texas; and Mrs. Helen Roberts of Houston, Texas, in fee simple to share and share alike.

"THIRD: I hereby constitute and appoint Mrs. Trupy Elskes, Jack Elskes, and Gene Thornhill, Independent Executors of this, my last will and Testament * * *.

"IN TESTIMONY WHEREOF, I have signed my name hereto * * *."

### THE CODICIL

"* * *

"That the Original Will mentioned above is to stand as written with the following exceptions:

"FIRST: That my brother, C. G. Fletcher, of Los Angeles, California, is not to inherit under this will, due to the fact that he does not need anything financially.

"SECOND: I do hereby appoint Mrs. Tracy Smith of Navarro County, Texas, Executor to serve in place of Jack Elskes of Hillsboro, Texas, who is now deceased, with the other two named executors in the original will.

"THIRD: I hereby bequeath to my beloved wife, Ruth Alcine Fletcher, our home and all lots * * * in Block 327 Hemstead, Waller County, Texas.

"FOURTH: I hereby further bequeath to my beloved wife, Ruth Alcine Fletcher, all our household furniture, fixtures, and my Buick automobile, together with the following Savings and Loan Associations:

(1) Bryan Building & Loan Ass'n., Bryan, Texas, in the amount of $10,000.

(2) Coast Fed. Savings & Loan Ass'n. of Los Angeles, Calif., in the amount of $10,000.

(3) Litton Savings & Loan Ass'n. of Conorga, Park, California, in the amount of $10,000.

(4) Home Savings & Loan Ass'n. of Houston, Texas, in the amount of $10,000.

(5) Gibraltar Savings & Loan Ass'n. of Houston, Texas, in the amount of $10,000.

(6) Southwestern Savings and Loan Ass'n. of Houston, Texas, in the amount of $10,000.

(7) Ben Franklin Savings & Loan Ass'n of Houston, Texas, in the amount of $10,000.

(8) American Savings & Loan Ass'n. of Houston, Texas in the amount of $10,000.
"Witness my hand * * *."

The Trial Court construed such will and codicil together, and held that:

1) Mrs. Trupy Elskes, as trustee, should receive "a full ⅐ share of the value of the whole value of the estate"; and that such ⅐ share shall not be charged with or reduced, by the payment of estate taxes,

last illness and administration costs; or debts of the deceased;[1] and that such ⅓ share shall not bear the burden of or be reduced by the devise to Ruth Alcine Fletcher.

2) The burden for payment of estate taxes, last illness and administration costs, and debts (Items a) through g) footnote 1); and the burden for payment of devises to Ruth Alcine Fletcher, shall be bourne by and cause a reduction of the residuary clause of the will.

3) The devises to Ruth Alcine Fletcher shall not be reduced by or bear the burden of taxes, administration expenses or debts (Items a) through g) footnote 1).

Appellants contend that the Trial Court erred in such construction, and assert that a proper construction of the will and codicil requires the bequest of the ⅓th to Mrs. Trupy Elskes, Trustee, to bear its proportionate part of all debts, expenses, federal estate taxes, and the special bequest to Ruth Alcine Fletcher.

Appellees contend that appellants having filed pleas of privilege without answering to the merits, "irrevocably confessed, agreed to and admitted in open court the construction of the will placed upon the will by appellees in their petition, and found and adjudicated by the Trial Court in its nil dicit judgment"; and that such judgment is "not properly open to question nor subject to review in this court."

The validity of appellees' contention involves the true nature and effect of a nil dicit judgment. Spivey v. Saner-Ragley Lbr. Co., Tex.Com.App., 284 S.W. 210 holds that the effect of a defendant appearing in a civil case, but saying nothing in bar or preclusion thereof, impliedly con-

fesses judgment and waives all errors of pleading and proof, *"except such as appear from facts in the record were not intended to be waived."* * * *

* * * "The judgment of the trial court is a nil dicit judgment, and all errors of pleading being waived, the court will not examine the petition for the purpose of determining the legal sufficiency of its averments to state a cause of action. If the petition shows an attempt to state a cause of action coming within the court's jurisdiction, the requirements of law are fulfilled, and the scope of the defendants' implied confession will be measured by the cause of action thus attempted to be stated. *On the other hand, if the petition shows upon its face that the plaintiff has no cause of action to the extent covered by the judgment, it will not be implied, in the face of such showing, that the defendant intended to confess a liability to the extent which he is thus shown not to rest. Storey v. Nichols, supra. [22 Tex. 87.] The court will examine the petition for the purpose of determining if its averments so show."*

Storey v. Nichols, supra, holds that a nil dicit judgment *must conform to the legal effect of the facts and admissions stated in plaintiff's petition.* See also O'Quinn v. Tate, Tex.Civ.App., Er.Ref., 187 S.W.2d 241.

In the case at bar appellees plead verbatim the will and codicil of deceased. It is true that appellees plead an asserted construction of such will and codicil, but since the construction of the will and codicil is a matter of law, we must examine the will and codicil to determine if the nil dicit judgment rendered by the trial court conforms to the legal effect of the facts (i. e. the will and codicil), plead.

1. a) Federal estate taxes paid or payable.
   b) Expenses of last illness, funeral, or grave marker of the deceased.
   c) Administration expenses.
   d) & e) Taxes or debts owed by deceased at time of death.

   f) Additional State Inheritance Taxes owing by estate under Articles 15.01 to 15.16 R.C.S. (Taxation General).
   g) Any other expenses, claims, or debts except State Inheritance Taxes under Articles 14.01 to 14.27 Taxation General R.C.S.

■ Appellee further contends that absent a Statement of Facts, this court cannot review the construction made of the will and codicil by the Trial Court. We reject this contention, since absent ambiguity, the construction of the will and codicil is a matter of law.

■ A will and a codicil are construed together, as if they had been executed at the time of the making of the codicil. So far as practicable, they should be reconciled as one consistent whole, but when a provision of the will is irreconcilable with one contained in the codicil, the later will prevail. 44 Tex.Jur.Sec. 153.

■ Considering the will and codicil together, the testator devised his wife the homestead, furnishings, automobile and 8 specified accounts of $10,000 each, in Savings and Loan Associations. If this special bequest is in any way irreconcilable with paragraph Second of the will providing for devises *after* debts and expenses have been paid, then the codicil which makes no such provision prevails. We doubt the existence of any irreconcilability, however, since the devise is a Special Bequest of the items named, and if the items named go to the wife as specified, obviously no part could be used to pay debts and expenses. See Sinnott v. Gidney, 159 Tex. 366, 322 S.W.2d 507, 74 A.L.R.2d 544. We think it was testator's intention to devise his widow the items named in the codicil, unreduced by debts and expenses, (and burdened only with the payment of Texas Inheritance Tax applicable to such devisee).

■ The will in paragraph Second, specifically provides that *after* the payment of debts and expenses, Mrs. Trupy Elskes takes a devise in trust; and the rest and residue of the estate are devised to the other beneficiaries named. (The codicil revokes the devise to C. G. Fletcher). It is our view that Mrs. Elskes takes the devise in trust, and that the other 5 beneficiaries take the devise to them, reduced by and burdened with the debts and legal charges against the estate. (Items a) through g) Footnote 1); and reduced by and burdened with the Special Bequests to testator's widow.

The judgment of the Trial Court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.