**Gene THORNHILL et al., Appellants,**

**v.**

**Mrs. Trupy ELSKES, Appellee.**

**No. 4468.**

Court of Civil Appeals of Texas.

Waco.

April 7, 1966.

T. E. Kennerly, Houston, for appellants.

George Clark, Waco, for appellee.

## OPINION

PER CURIAM.

Defendants appeal from an order overruling their plea of privilege. We affirm. On a previous appeal, Thornhill v. Elskes, 381 S.W.2d 99, Tex.Civ.App., writ ref. n. r. e., we affirmed an order overruling defendants' plea of privilege in the same case.

The parties plaintiff and defendant in the case previously appealed were identical to those in the present suit. We held in the former case that venue was properly maintainable in McLennan County under subd. 4, Art. 1995, Vernon's Ann.Civ.St. The first eight pages of the original petition adopted in the controverting plea in that case are identical to the first eight pages in the amended pleading before the trial court in the present appeal. In the first pleading now abandoned, declaratory judgment construing a will was sought. We reversed the nihil dicit judgment on the merits in the former case and declared the construction of the will to be that beneficiaries take devises as set out in the opinion, 381 S.W.2d at 104, burdened with debts and legal charges against the estate. We remanded for further proceedings not inconsistent with the opinion.

The original petition prayed for orders directing the executors as to the manner of carrying out the provisions of the will, for order of distribution, for appointment of a receiver, for appraisal and partition, and other orders effectuating the court's interpretation of the will, for costs, "attorneys fees" and general relief.

The amended petition filed after reversal and remand alleged the outcome of the former appeal and that partial distribution had been made in conformity to the opinion. It alleged debts remaining, costs of court due, and alleged specifically that plaintiff, the independent executrix and trustee had incurred attorney's fees in seeking construction of the will in good faith, and that defendants were also claiming attorneys' fees. The new pleading prayed for an order giving directions as to the amount and manner of payment of attorneys' fees, and executor's commissions and expense.

Appellants say the amended pleading asserts a new cause of action for attorneys' fees and therefore their new plea of privilege should have been sustained.

The amended pleading prayed only for relief which was incidental and ancillary to the cause of action originally asserted. Plaintiffs did not "abandon" that portion of the remedy and relief originally sought, i. e., construction of the will; that had been completely accomplished. It would have been useless, meaningless and futile to renew the prayer for that relief. The new plea of privilege after answer to the merits was not available, and was properly overruled. Foster v. Gulf, C. & S. F. R. Co., 91 Tex. 631, 45 S.W. 376; Thomas v. Ellison, 102 Tex. 354, 116 S.W. 1141; Gold v. Insall, Tex.Civ.App., 8 S.W.2d 542, writ dism.; Dickson v. McLaughlan, Tex.Civ. App., 51 S.W.2d 628, writ ref.; Adamson v. Hexter, Tex.Civ.App., 68 S.W.2d 568.

There is stated no new cause of action as in Watson v. Harrington, Tex.Civ.App., 285 S.W.2d 390, where an action for fraud in a trespass to try title case was first al-

leged in an amended pleading. We do not pass, of course, on the merits of the claim, but only on the issue of venue.

All points have been considered and are overruled.

Affirmed.