Gene **THORNHILL** et al., Appellants,

v.

Mrs. Trupy **ELSKES** et al., Appellees.

No. 4591.

Court of Civil Appeals of Texas.

Waco.

Feb. 16, 1967.

**74**

T. E. Kennerly, Houston, for appellants.

McLaughlin, Clark, Fisher, Gorin & McDonald, Waco, for appellees.

WILSON, Justice.

This is the third appeal in this cause. Plaintiffs' initial petition prayed for a declaratory judgment construing a will; for such orders as were proper or needed to effectuate the interpretation, including partition and distribution; and for attorneys' fees and general relief. The action was brought by Mrs. Elskes, an independent executrix and the testamentary trustee under the will, against her co-executors and other devisees. Our opinion in Thornhill v. Elskes, Tex.Civ.App., 381 S.W.2d 99, writ ref. n. r. e., narrates the proceedings. The will was there construed and the trial court judgment was reversed for further proceedings not inconsistent with the opinion.

The amended petition in the case is the trial petition on this appeal. It is summarized in our opinion in the second appeal, Thornhill v. Elskes, Tex.Civ.App., 403 S.W.2d 449, no writ, in which we passed on venue issues under the amended pleading.

The case was then heard again on "further proceedings not inconsistent with" the first opinion, and judgment resulted which recited that all debts and expenses of the estate had been paid except certain specified expenses and attorneys' fees. The representatives were directed by the judgment to pay these out of assets on hand and distribute the balance of the estate.

Findings of fact were filed, including findings that Mrs. Elskes, as independent executrix, employed attorneys and instituted the suit in good faith for the benefit of the estate, and that her co-executors also in good faith employed attorneys and defended the suit, likewise for the benefit of the estate. The reasonable value of the services of the attorneys was found, fixed and ordered paid.

Appellants are the defendants. They first assert that the trial court "should have granted their summary judgment motion." There is no motion for summary judgment in the record. Appellants made an oral motion which, if interpreted as a motion for instructed verdict, was waived by subsequent introduction of evidence. Travelers Ins. Co. v. Arnold, Tex.Civ.App., 378 S.W.2d 78, Syl. 1, no writ, and authorities cited.

As we understand their argument, appellants contend the probate court in which the will was probated had exclusive jurisdiction, and the district court had no jurisdiction to fix the reasonable amount of attorneys' fees and to direct payment of these and other expenses. They cite cases holding the district court jurisdiction is only appellate. The present case involves an independent administration. Mrs. Elskes and her co-executors are made independent of the probate court as authorized by Probate Code Sec. 145, Vernon's Ann. Tex.Stats. The cases cited are those in which the representative was subject to the control of the probate court. The jurisdiction of the district court was properly invoked and exercised in the present case to fix and approve expenses and direct their payment in order to effect distribution of the assets of the estate after it had been determined that the distributive shares or devises were burdened by these expenses. Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980, 985. The probate court had no jurisdiction over the subject matter of the present suit. Roy v. Whitaker, 92 Tex. 346, 355, 48 S.W. 892; Simkins Administration of Estates, 3d ed., Secs. 14, 128.

It is also urged, as we understand, that the only attorneys' fee recoverable for services of attorneys employed by Mrs. Elskes was that provided for in a written contingent fee contract, and the trial court was not authorized to fix a reasonable fee to be paid out of the assets of the estate. It is further insisted that although Mrs. Elskes brought the suit as independent executrix of decedent's estate, she also acted as trustee of a testamentary trust created by her decedent's will, that "she cannot contend the suit was brought for the benefit of the estate, and it was error to assess the attorneys' fee as an expense of the estate.

After testator's death Mrs. Elskes and her co-executors engaged an attorney to probate the will and attend to the settlement of the estate. In the course of that attorney's services he expressed an opinion to his clients on the legal questions involved in the first appeal. Some of the defendants sought counsel from appellants' present attorneys. His advice was contrary to that of the attorney first employed by the three executors. If the advice of the former attorney had been followed, it is apparent that the trust estate of which Mrs. Elskes was trustee would have benefited more than if that of appellants' counsel had been pursued. It was necessary or proper, in the exercise of good faith, consequently, for Mrs. Elskes (who thus occupied dual capacities) to seek the relief prayed for, including that of construction of the will and direction as to further procedure leading to final distribution. In doing so, she was authorized to employ counsel on behalf of the estate, and their services, in the action in which all devisees and personal representatives were parties, benefited the estate.

Attorneys' fees, reasonable in amount and necessarily incurred in good faith by the executor for services in behalf of the estate are payable as an expense of administration. Probate Code Sec. 242; Lang v. Shell Petroleum Corp., 138 Tex. 399, 159 S.W.2d 478.

The fact that Mrs. Elskes was trustee as well as independent executrix does not preclude liability of the estate for such fees as were reasonable and necessary for services rendered on behalf of the estate. Rowe v. Dyess, Tex.Com.App., 213 S.W. 234, 235. See Salmon v. Salmon, (Tex.Sup., 1965) 395 S.W.2d 29, 32.

The argument that the court was limited by the written contract to a contingent fee is answered by the fact that the contingent fee agreement concerned only the trust of which Mrs. Elskes was trustee, and the fee was agreed to be a sum equal to one-third of the amount or value of the charges involved in the first appeal of this case ultimately "avoided by said trust."

The contingent fee agreement did not pertain to the expenses of administration or the fee to be paid for services rendered on behalf of the estate.

Appellants' points are overruled. Affirmed.