Sharon C. GIDDINGS, Appellant,

v.

HAROLD V. SIMPSON AND COMPANY, Appellee.

No. 5518.

Court of Civil Appeals of Texas, Waco.

Jan. 29, 1976.

Joel B. Mitchell, Austin, for appellant.

Don L. Baker, Austin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Sharon C. Giddings from judgment rendered against

her (jointly and severally with her husband John C. Giddings) for $1117.20 in a suit on a sworn account.

Plaintiff Simpson sued defendants John D. Giddings and Sharon C. Giddings on sworn account for $740. for accounting work and preparation of income tax return, plus $250. attorney's fees.

Defendant filed a sworn answer denying the account was just and true.

Trial before the court resulted in judgment for plaintiff against both defendants.

Defendant Sharon C. Giddings appeals on 6 points contending:

1) The trial court committed fundamental error in granting judgment against Sharon C. Giddings because there is no evidence and insufficient evidence to show she contracted for the services or accounts sued on.

2) The trial court erred in granting judgment against Sharon C. Giddings because the account sued on did not name her.

3) The trial court erred in granting judgment against Sharon C. Giddings because no fact was plead authorizing a personal judgment against her.

4) The trial court erred in awarding attorney's fees against Sharon C. Giddings.

Defendant (appellant) has brought forward no statement of facts.

■ In the absence of a Statement of Facts, it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. · *Ehrhardt v. Ehrhardt*, (Tex.Civ. App., Waco) Er.Ref. 368 S.W.2d 37; *Englander Co. v. Kennedy*, Tex., 428 S.W.2d 806.

■ Plaintiff plead: "Plaintiff sold to *defendants* * * * services which *defendants* accepted and thereby became bound to pay plaintiff the stated price thereof * * *". Such pleading is sufficient to authorize personal judgment against both defendants. Moreover, defendants filed no exception to plaintiff's pleading. See Rule 90 TRCP; and insufficiency of pleading cannot be raised for the first time on appeal. *Sherman v. Provident American Ins. Co.*, Tex., 421 S.W.2d 652; *Lewter v. Dallas County*, (Tex.Civ.App., Waco) NRE, 525 S.W.2d 885.

All appellant's points and contentions are overruled.

Affirmed.