**EL PASO NATIONAL BANK, in its representative capacity, et al., Appellants,**

v.

**SHRINERS HOSPITAL FOR CRIPPLED CHILDREN et al., Appellees.**

**No. 6833.**

Court of Civil Appeals of Texas, El Paso.

Sept. 26, 1979.

Rehearing Denied Oct. 24, 1979.

Grambling, Mounce, Sims, Galatzan & Harris, William T. Kirk, Brandon C. Janes, III, El Paso, Mark White, Atty. Gen. of Texas, John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Douglas B. Owen, Amie Rodnick, Asst. Attys. Gen., Austin, for appellants.

Gade & Schwarzbach, P. C., Thor G. Gade, El Paso, Carter & Ellis, Joel William Ellis, Harlingen, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a will construction case involving questions as to the rules of construction of an unambiguous will and the authority of the Court of Civil Appeals to reverse the trial Court's judgment construing the will when there is no statement of facts before the appellate court. Trial was to the Court without a jury, and we affirm the judgment of the trial Court.

This suit was brought by the Shriners Hospital for Crippled Children, Shriners Hospitals for Crippled Children of Texas, and the El Maida Shrine Temple, A.A.O.N. M.S., seeking construction of language in the codicil of a last will and testament of Cesle C. Dues and the last will and testament of Mamie F. Dues providing for a charitable trust to be administered by El Paso National Bank as Trustee. The Texas Elks State Association and the Texas Elks Crippled Children's Hospital, Inc. intervened on the side of the Plaintiffs, and Attorney General John L. Hill intervened on the side of El Paso National Bank.

After making certain specific bequests in his will, Cesle C. Dues, by a codicil, provided

the remainder of the estate should go to a trust named the Cecil C. Dues and Mamie F. Dues Charitable Foundation, to be administered by the El Paso National Bank as Trustee. The will of Mamie F. Dues had a similar provision. Both wills were admitted to probate, and the Foundation was placed in operation by the Bank. The Shriners disagreed with the Bank's construction of the wills and initiated this suit.

In the trial before the Court without a jury, evidence was presented in the form of exhibits and oral testimony. The trial Court rendered judgment favorable to the Shriners and Elks, and the Bank and the Attorney General appealed. The appeal is prosecuted solely on the transcript of the record without a statement of facts. We are of the opinion that without a statement of facts this Court must affirm the trial Court.

All parties agreed, and the Court found, that the instruments were not ambiguous. Appellants requested findings of fact and in response thereto the trial Court found: "At the conclusion of trial, all parties agreed there was no fact issue to be decided by the Court. Accordingly, no findings of fact were necessary." There is no dispute of the fact that testimony was presented and the exhibits introduced during the trial and, in fact, the Court's judgment recites "and the Court, . . . having heard the evidence and testimony presented during the trial, has made the following findings and enters the following final judgment . . ." If it was proper for the Court to consider the exhibits and other extrinsic evidence in construing the unambiguous instrument, then this Court is in no position to find error in that construction.

■ The latest expression by the Supreme Court of this State on the use of extrinsic evidence to construe an unambiguous will is found in the case of *Stewart v. Selder*, 473 S.W.2d 3 (Tex.1971). The Court there said:

A will is a unilateral instrument, and the court is concerned only with the intention of the testator as expressed in the document. The sense in which the words were used by the testator is the ultimate criterion, and the court may always receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time. See *Peet v. Commerce & E. S. R. Co.*, 70 Tex. 522, 8 S.W. 203; *Hunt v. White*, 24 Tex. 643; *Jackson v. Templin*, Tex.Com.App., 66 S.W.2d 666; *Darragh v. Barmore*, Tex. Com.App., 242 S.W. 714; Page on Wills, 1941 ed., p. 621, Section 1617.

Under that rule, the Court in the case before us could consider extrinsic evidence to construe the unambiguous wills. Appellees urge the rule that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it, and a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings, citing *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979). That rule is of no benefit to Appellees as we have no way of knowing whether there is "probative evidence" contained in the missing statement of facts.

■ The rule applicable to the case before us, and the one that is dispositive of it, is that in the absence of a statement of facts it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. *Ehrhardt v. Ehrhardt*, 368 S.W.2d 37 (Tex.Civ.App.—Waco, writ ref'd); *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex. 1968); *Giddings v. Harold V. Simpson and Company*, 532 S.W.2d 719 (Tex.Civ.App.— Waco 1976, no writ). True, in response to requests for findings of fact, the trial Court replied that all parties agreed there was no fact issue to be decided by the Court. However, the fact remains that there was evidence before the trial Court which, under the law, it could consider in construing the wills. That evidence is not before us; therefore, we are unable to say that the trial Court erred in its construction of the wills.

The judgment of the trial Court is affirmed.