**EL PASO NATIONAL BANK et al., Petitioners,**

v.

**SHRINERS HOSPITAL FOR CRIPPLED CHILDREN et al., Respondents.**

No. B–8999.

Supreme Court of Texas.

April 1, 1981.

Rehearing Denied June 3, 1981.

Mark White, Atty. Gen., Amie Rodnick, Asst. Atty. Gen., Austin, Brandon C. Janes and William T. Kirk, El Paso, for petitioners.

Gade & Schwarzback, Thor G. Gade, El Paso, Joel William Ellis, Harlingen, for respondents.

GREENHILL, Chief Justice.

This is a will construction case.

The wills of Mamie F. and Cesle C. Dues, husband and wife, contain similar provi-

sions. For purposes of this opinion, they will be considered one. The will and codicil created a charitable trust to be administered by the El Paso National Bank.

Among other things, the will and codicil provided that the trustee should have sole discretion in the distribution of the income of the trust for charitable, scientific, or educational purposes.[1]

They also provided that "in so far as practicable, that the property of the foundation be primarily used for crippled children's work in El Paso, Texas, and the State of Texas" by agencies of the Elks and Shriners.

Because of the creation of a charitable trust, the Attorney General of Texas was made a party.

Upon the trial of the case, evidence was introduced. The judgment of the trial court states that the trust (or foundation) "was created for the exclusive benefit of the Shriners' Hospital and the Elks Foundation," and that the Shriners and Elks "are entitled to receive all the net annual income . . . on an equal (50–50) division . . . ."

In response to requests for findings of fact, the trial court found, "at the conclusion of the trial, all parties agreed that there was no fact issue to be determined by the court. Accordingly no findings are necessary." All parties agree that the will is not ambiguous.

The Attorney General and the trustee bank appealed. They brought forward no statement of facts.

The Court of Civil Appeals concluded that because evidence was admitted, and there was no statement of facts, the judgment of the trial court must be sustained. It affirmed the judgment of the trial court. 588 S.W.2d 411. We disagree; and accordingly, we reverse.

■ This Court has held that an unambiguous will must be construed as written, and within the four corners of the instrument. *Frost National Bank of San Antonio*

*v. Newton*, 554 S.W.2d 149 (Tex.1977). The intent must be drawn from the will, not the will from the intent. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960).

■ When words are capable of more than one meaning, evidence is admissible on the intent of the testator in using the words. In *Stewart v. Selder*, 473 S.W.2d 3 (Tex.1971), the testatrix devised "cash" to a certain beneficiary. The question was whether "cash" included stocks and bonds which were readily convertible to cash. The trial court in *Stewart* concluded that the testatrix intended "cash" to include the stocks and bonds. This Court concluded that since the will did not clearly express the intention of the testatrix, evidence was admissible to determine the sense in which the testatrix used the word "cash." The conclusion reached was that the will was unambiguous and that "cash" did not include stocks and bonds. The opinion stated that "[t]here is no basis then for concluding that 'the words of the will have anything other than their usual and ordinary meaning." 473 S.W.2d at 10.

■ There are no dispositive words in this carefully drawn will and codicil which are capable of more than one meaning. The words that the trustee should have *"sole discretion"* are clear. Similarly the precatory words, "in so far as practicable, . . . [the] property . . . be used *primarily"* by the Elks and Shriners are also clear. "Primarily" does not mean "exclusively." The will does not mean, as found by the trial court, that the trust income should be used exclusively for the Elks and Shriners.

■ In a great many instances, unnecessary to detail here, a statement of facts is necessary. One is not necessary here. There is no ambiguity. There are no issues of fact. The trial court and all parties so agreed. There are no dispositive words which are alleged to have different meanings; and only questions of law are involved.

1. The will and codicil contained restrictions, not at issue here, to insure compliance with the regulations of the Internal Revenue Service.

The case of *Thornhill v. Elskes*, 381 S.W.2d 99 (Tex.Civ.App.—Waco 1964, writ ref'd n. r. e.), is in point. It involved the construction of an unambiguous will. As here, the trial court's judgment recited that, among other things, that "having heard the pleadings and the evidence . . . , [the court] finds . . . ."

No statement of facts was brought with the appeal in *Thornhill.* The court of civil appeals held that none was necessary for the construction of that unambiguous will. An examination of the record in *Thornhill* shows that two points of error were addressed to the proposition that absent a statement of facts, the appellate court was bound by the judgment of the trial court. The appellate court wrote, "[w]e reject the contention, since . . . the construction of the will and codicil is a matter of law." We denied the application for writ of error.

We, therefore, conclude that the trial court erred in its construction of the will and codicil. The Court of Civil Appeals erred in affirming that judgment on the basis of the lack of a statement of facts.

The Trustee Bank has other points asking this Court's approval of its detailed proposed "Foundation Operating Philosophy." This we decline to do. We will not render such an advisory opinion. Rather, we refer it to the will itself. It is to have the discretion set out in the will. The Trustee Bank is, in its discretion, also to give due weight to the portions of the codicil which direct that "insofar as practicable, the property of the Foundation be primarily used for crippled children's work in El Paso County, Texas, and the State of Texas, as conducted by" the Elks and Shriners.

The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to the trial court for entry of judgment in accordance with this opinion.