E.R. WOODWARD, Appellant,

v.

William HIGDON, Appellee.

No. 10–82–066–CV.

Court of Appeals of Texas, Waco.

Nov. 4, 1982.

Rehearing Denied Dec. 30, 1982.

Mickey J. Blanks, Blanks & Rhodes, Temple, for appellant.

Robert J. Hanley, Sheehy, Lovelace & Mayfield, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Woodward from take nothing judgment in suit for damages for an alleged assault by defendant Higdon.

Trial was to a jury which found defendant Higdon did not commit an assault on plaintiff Woodward.

The trial court rendered judgment on the verdict plaintiff take nothing.

Plaintiff moved for new trial asserting three instances of jury misconduct. The trial court after hearing overruled such motion.

Plaintiff appeals asserting in points 1 and 2 the trial court erred in failing to grant a new trial based on misconduct of members of the jury; and asserting in point 3 the trial court erred in failing to enter findings of fact and conclusions of law in support of its denial of plaintiff's motion for new trial.

Plaintiff has brought forward a statement of facts on the hearing of the motion for new trial, but has not brought forward a statement of facts on the trial of the case.

■ The party complaining of jury misconduct has the burden to prove the overt act of misconduct, that it was material misconduct, and that *"from the record as a whole that injury probably resulted"*. Rule 327 TRCP; *Fountain v. Ferguson*, Tex., 441 S.W.2d 506; *McVicker v. Johnson County*, Tex.Civ.App. (Waco) NRE, 616 S.W.2d 430; *Strange v. Treasure City*, Tex., 608 S.W.2d 604; *Rodriguez v. Montgomery*, Tex.App. (Waco) NRE, 630 S.W.2d 826.

■ And in the absence of a complete statement of facts (which is appellant's burden and duty to bring forward), it must be presumed on appeal that sufficient evidence was introduced to support the judgment of the trial court. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683; *Ehrhardt v. Ehrhardt*, Tex.Civ.App. (Waco) Er.Ref., 368 S.W.2d 37; *Englander v. Kennedy*, Tex., 428 S.W.2d 806; *Giddings v. Simpson*, Tex. Civ.App. (Waco) NWH, 532 S.W.2d 719.

Absent a statement of facts on the trial of the case we cannot say that injury probably resulted to plaintiff. Points 1 and 2 are overruled.

■ The trial court is not required to file findings and conclusions relative to alleged jury misconduct in hearing on motion for new trial. *Warner v. Plummer*, Tex.Civ. App. (Waco) NRE, 355 S.W.2d 817; *Shop Rite Foods, Inc. v. Upjohn Co.*, Tex.Civ.App. (Amarillo) NRE, 619 S.W.2d 574. Point 3 is overruled.

AFFIRMED.