**ANDERSON et al. v. WELCH et al.**

No. 4950.

Court of Civil Appeals of Texas. Texarkana.

March 31, 1936:

Rehearing Denied April 9, 1936.

A. V. Grant, of Longview, for appellants.

C. F. Richards, of Lockhart, Edwin Lacy, H. A. Leaverton, and Jack Price, all of Longview, Lasseter, Simpson & Spruiell, of Tyler, Andrews, Streetman, Logue & Mobley, of Houston, Charles Yonge, of Longview, H. C. Walker, Jr., and Wm. C. Fitzhugh, both of Shreveport, La., H. O. Cowing, Jr., and Banks & McLemore, all of Longview, and Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, for appellees.

SELLERS, Justice.

This suit was filed in Gregg county in the special district court of Gregg and Rusk counties; same being cause No. 96–C on the

docket of said court. Later the cause was duly transferred to the 124th district court of Gregg county, where it was tried on its merits. After this cause was transferred to the 124th district court, other parties were permitted to intervene and the plea of intervention was filed by the clerk and given the number of this cause. The case was tried to a jury and resulted in a verdict for defendants and interveners. From this judgment the plaintiffs have appealed to this court.

Appellants' brief contains no assignments of error, in the absence of which this court cannot consider the matters complained of. Lamar-Delta County Levee Improvement Dist. v. Dunn (Tex.Com.App.) 61 S. W.(2d) 816; Commercial Credit Co. v. Williams (Tex.Civ.App.) 87 S.W.(2d) 499.

The brief contains several propositions which may be contended are sufficient as assignments of error. If they are, they still are not entitled to be considered for the reason that the brief wholly fails to direct this court to the page in the transcript or statement of facts where a ruling by the trial court on the matters complained of was had. The transcript contains 90 pages, and the statement of facts is very voluminous, and it is certainly not made the duty of this court to search the record to find if rulings of the trial court were had on the matters complained of in the propositions.

Although one of appellants' propositions asserts that the record shows fundamental error in that there was no pleading upon which the court could base a judgment in favor of interveners. Upon an inspection of the record we find ample pleadings to support the trial court's judgment. The real point made by appellants in this proposition is that the plea of intervention in its caption was addressed to the special district court of Gregg and Rusk counties where the suit was filed, instead of the 124th district court of Gregg county where it was pending when the plea was filed. Such question does not present fundamental error, and appellants made no exception to the pleading because of such defect. In our opinion the matter complained of does not present reversible error even if an exception had been reserved to such plea. Neither our statutes nor the rules governing district and county courts require the pleading of parties to a cause of action to be addressed to the court or specify the court in which the cause is pending. It is, of course, good practice to do so, and such matters when contained in pleadings are regarded as mere formal parts of same which may be defective or entirely omitted without rendering the pleadings fatally defective. 49 C.J. p. 130, § 135. It is made the duty of the district clerk, when a pleading is presented to him, to file same and give it a number, article 1972 (Rev.St.1925), and it is also made his duty to keep a file docket showing in convenient form the number of the suit, the name of the attorney, the names of the parties to the suit, and the object of the same. Article 1973. In this way papers to the cause are kept track of by the clerk. The plea of intervention was filed and given its proper number by the clerk and was actually before the court when the case was tried, for there appears to have been an unsuccessful attempt on the part of appellants to have the plea stricken on grounds other than that here complained of. It seems to us that no possible injury could have been sustained by any party to this cause by such mistake.

The judgment of the trial court will be affirmed.