*641
 
 HAMITER, Justice.
 

 The defendant, Henry Carpenter, is appealing from a judgment condemning him to pay alimony of $75 per month to his divorced wife, Mrs. Betty Carpenter, for the support of their minor child, Sheryl Lynn Carpenter.
 

 The proceedings were initiated in the State of California and later carried on in East Baton Rouge Parish, all under the authority of California’s Code of Civil Procedure Title 10a, Part 3, Sections 1650 to 1690, inclusive, and Louisiana’s Statutes Annotated-Revised Statutes Title 13, Sections 1641 to 1673, inclusive. These statutes, substantially identical, are known as Uniform Reciprocal Enforcement of Support Acts. They declare their purpose to be “to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto.”
 

 The provisions of the Louisiana statute that are principally pertinent to this cause (the California statute contains similar provisions) read:
 

 “§ 1664. Contents of petition for support
 

 “The petition shall be verified and shall state the name and, so far as known to the plaintiff, the address and circumstances of the defendant and his dependents for whom support is sought and all other pertinent information.
 

 “§ 1665. Duty of court of this state as initiating state
 

 “If the court of this state acting as an initiating state
 
 finds that the petition sets forth facts
 
 from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, he shall so certify and shall cause three certified copies of the petition, the certificate and a certified copy of this Part to be transmitted to the court of the responding state. * * *
 

 “§ 1666. Duty of court of this state as responding state
 

 “When the court of this state, acting as a responding state, receives from the court of an initiating state the aforesaid copies, it shall (1) docket the cause, (2) notify the district attorney who shall represent the plaintiff in the proceedings, (3) set a time and place for a hearing, and (4) take such action as is necessary in accordance with the laws of this state to obtain jurisdiction. * * *
 

 “§ 1667. Order of support
 

 “If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order. * * * ” (Italics ours.)
 

 
 *643
 
 In Freeman v. Freeman, 226 La. 410,
 
 76
 
 So.2d 414, 415, the following extract relative to the prescribed procedure was quoted approvingly: “The basic method of operation under the reciprocal acts is quite simple. An obligee (person to whom duty of support is owed) petitions the designated court in her home community; that court verifies the petition, attaches its certificate, and transmits the case to a court in the responding state where the obligor (person owing support) is now present; the responding state court takes jurisdiction over the obligor, ascertains whether a duty of support is owed, and enters the necessary support order. Interrogatories and depositions are used if the obligor denies that he ■ is liable. The proceeding is civil in nature and confrontation is not necessary. * * * ’
 

 Proceeding under the reciprocal statutes plaintiff filed a petition seeking support for herself and her daughter in the Superior Court of Los Angeles County, State of California (the initiating state), in the jurisdiction of which she was residing with the child. Therein she alleged that she was married to the defendant at Baton Rouge on December 14, 1946; that they were divorced April 23, 1952;' that the minor child, Sheryl'Lynn Carpenter, was born of the marriage on November 10, 1948; that defendant has refused and neglected to support her and the child, the monthly expenses of whom total $160; and that he is domiciled in the Parish of East Baton Rouge, Louisiana.
 

 Later, the California Court (without the defendant 'having been cited) received proof of the allegations, consisting solely of the testimony of the plaintiff, and it issued an order on June 18, 1954. This order is not in the record before us. However, it was subsequently vacated by the court and another entered nunc pro tunc, on July 9, 1954, the latter providing: “ * * * The Court finds that the defendant, Henry Carpenter, owes a duty of support of the said dependent herein,
 
 according to the allegations set forth-in the complaint;
 
 that the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, may obtain jurisdiction over the defendant or his property by virtue of the defendant’s residence at 2863 Texas Street, Baton Rouge, Louisiana; * * *
 

 “It is therefore ordered that the clerk of the Superior Court in and for the County of Los Angeles, State of California, prepare certified copies of the complaint, the certificate, a copy of the transcript of these proceedings, and an authenticated copy of the Reciprocal Enforcement of Support Law of the State of California; and that he transmit said documents, forthwith, to the clerk of the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana.” (Italics ours.)
 

 Although the order of June 18, 1954 is not in the record (as previously stated)
 
 *645
 
 other documents disclose that it was based on the evidence adduced (plaintiff’s ex parte testimony alone); that it decreed there was a duty on the defendant to support plaintiff and the child; and that it ordered him to make monthly payments of $160 .for such purpose.
 

 After receipt of certified copies of the proceedings in the. California court, including evidently the vacated first order, the Juvenile Court of East Baton Rouge Parish on October 1, 1954 issued the following: “It Is Ordered that a hearing be had in the Juvenile Court of the Parish of East Baton Rouge, State of Louisiana, on October 14th, 1954, at 10 o’clock A.M. in order for said court (1) to determine whether there is a duty of support, and (2) whether the defendant should be ordered to pay the sum of one hundred sixty dollars ($160) per month alimony for the support of his wife, Mrs. Betty Legleu Carpenter and his minor child, Sheryl Lynn Carpenter, age 6 years, as previously ordered by the Superior Court of Los Angeles County, California.
 

 “It Is Further Ordered that one of the certified copies of said proceedings had in the State of California and 'forwarded to the Juvenile Court of this Parish be served upon the said defendant * * * and that said defendant appear at the hearing to be had on Thursday, October 14, 1954 * * *»
 

 On October 14, 1954 the defendant tendered exceptions of want of jurisdiction ratione personae and ratione materiae in the Juvenile. Court of East Baton Rouge Parish. They were argued and submitted on March 10, 1955 before the Family Court for the Parish of East Baton Rouge (it succeeded the Juvenile Court), and on March 16 there was judgment overruling them.
 

 Trial of the merits of the case occurred in such Family Court on April 7. At its commencement the defendant filed an answer therein denying all of the allegations of plaintiff’s petition (initiated in California) except those relating to the dates of the marriage and divorce and to the residence of plaintiff. Particularly he denied the averments that he is the child’s father and that plaintiff and the child are entitled to support from him.
 

 The evidence introduced during the trial consisted only of the proceedings in the. California court (including the testimony given there by plaintiff, to the introduction of which defendant strenuously objected) and the record in the divorce suit between the parties. And based on such evidence the Family Court rendered the judgment from which the defendant is now appealing, it .having decreed him to be under a legal duty to support his minor child, Sheryl Lynn Carpenter, and having ordered payment of $75 per month therefor.
 

 
 *647
 
 In this court appellant first complains that the proceedings in the Family Court were summary in nature and unauthorized by the statute in question. This complaint is without merit. The proceedings were not commenced by or based on the issuance of a rule. They involved the filing of a certified copy of the California court’s petition and the service of a similar document on the defendant, all in compliance with the statutory requirements above quoted. Some six months later the defendant was permitted to answer plaintiff’s allegations.
 

 However, there is merit in the contention of appellant that the judgment was predicated on improper and insufficient evidence. When, in his answer, he denied liability for the alimony herein sought a duty devolved upon plaintiff to prove her claim with legal evidence as in ordinary suits, that is, by means of oral testimony, interrogatories, depositions, etc., with the defendant having the right to cross examine the witnesses. Yet this plaintiff introduced only, and she relied wholly on, the testimony given by her during the hearing before the California court, at which the defendant was not cited to appear and hence had no opportunity for cross examination; and it amounted to nothing more than an inadmissible ex parte statement. Therefore, we are compelled to set aside the judgment appealed from and to remand the case to the Family Court for the purpose of receiving legal evidence respecting the issues created by the petition and answer. Thereafter, that court shall render such judgment as the evidence and the law warrant.
 

 Appellant finally objects to the trial court’s authorizing plaintiff to prosecute this suit without payment of costs or giving bond therefor. The authority thus granted relates to court costs generally and hence does not particularly concern the defendant. True, he will be compelled to pay them in the event he is condemned in the final judgment. On the other hand if the suit is ultimately dismissed only plaintiff and the State of Louisiana are interested in the matter of payment of costs. See Whitson v. American Ice Company, 164 La. 283, 113 So. 849; Norton v. Perez, La.App., 180 So. 878; McGregor v. Novo, La.App., 188 So. 480.
 

 For the reasons assigned the judgment appealed from is reversed and set aside and the case is remanded to the Family Court in and for East Baton Rouge Parish for further proceedings according to law and consistent with the views hereinabove expressed.