LANDRY, Judge.
This case arises under the civil enforcement provisions of the Reciprocal Enforcement of Support Law, LSA-R.S. 13:1661-13:1673, inclusive and presents for determination the right of a wife to call her husband under cross-examination in a proceeding filed in a responding state to ascertain the husband’s duty to support a child of the marriage. The trial court resolved the stated issue adversely to the wife and upon application of the wife’s attorney for writs of certiorari, prohibition and mandamus, we ordered respondent, the Honorable C. Lenton Sartain, Judge of the Family Court, Parish of East Baton Rouge, to show cause by brief why the relief prayed for by applicant should not be granted and coupled said decree with an order staying-all proceedings in the Court below.
It appears that upon receipt of certified copies of the petition and other documents specified in LSA-R.S. 13:1665 from the initiating state, the Circuit Court for the County of Klamath, Oregon, the Honorable-Family Court, East Baton Rouge Parish, docketed this cause and fixed same for hearing in conformity with the provisions, of LSA-R.S. 13:1666. Defendant, Paul Brown, responded in the form of a general denial and on the trial of the matter the Assistant District Attorney, appearing on plaintiff’s behalf in accordance with the provisions of LSA-R.S. 13:1666 called the defendant under cross-examination. Objection to defendant’s cross-examination was timely entered by his counsel on the ground defendant was not notified or afforded opportunity to cross-examine plaintiff on the occasion when her testimony was taken in the initiating State of Oregon wherein it was originally found defendant owed the duty of support. Citing Carpenter v. Carpenter, 231 La. 638, 92 So.2d 393, in support of the principle that a defendant in such a proceeding in a responding state may not be called under cross-examination, our *288 learned brother below ruled inadmissible any testimony elicited from defendant by cross-examination, but granted applicant’s said counsel a continuance to afford applicant opportunity to obtain legally admissible evidence.
In so concluding we believe our esteemed colleague below fell into error. Our careful consideration of the Carpenter case, supra, discloses that it establishes the following dual principles: (1) In cases arising under the Reciprocal Enforcement of Support Law the claimant or plaintiff bears the burden of proving her claim by legally admissible evidence in the courts of this state as the responding state, “as in ordinary suits, that is, by means of oral testimony, interrogatories, depositions, etc., with the defendant having the right to cross examine the witnesses”; and (2) The testimony of the plaintiff or claimant taken in the initiating state without citation of the defendant and a consequent opportunity for cross-examination is inadmissible as ex parte evidence or testimony. Nowhere in the cited authority do we find the court holding that in a proceeding in the courts of our state as a responding state plaintiff is not entitled to call the defendant under cross-examination.
If, as our own Supreme Court has held, plaintiff must establish her case “as in ordinary suits,” then it would seem that the rules of civil procedure governing the conduct of ordinary civil actions necessarily pertain to actions brought before our courts in the role of responding state pursuant to the provisions of the applicable statute. Plaintiff therefore is accorded the right to call the defendant for cross-examination inasmuch as LSA-C.C.P. Article 1634 expressly provides any party to a suit may be called upon cross-examination by his adversary.
The ground of inadmissibility herein urged is patently without merit. The right of cross-examination afforded by LSA-C. C.P. Article 1634 is not conditioned upon the circumstances attending some other proceeding between the parties. Conceding there may be other ground upon which legitimate objection to such cross-examination may be timely urged, no such issue is before us in the present case and our opinion herein is confined solely to the objection presented by defendant herein.
Also germane to the issue before us is the right of a litigant to avail himself of the provisions of LSA-C.C.P. Article 1636 which admits of the recoi'ding of evidence ruled inadmissible upon an offer of proof. In his application for writs, able counsel for plaintiff has raised certain questions regarding the matters which it is incumbent upon plaintiff to prove to establish her right to the relief sought. Such issues, however, need not be resolved by us at this time as they are not presented by the application under consideration.
It is well established among the principles of judicial review that writs of certiorari, mandamus and prohibition will not issue upon application from an adverse ruling during the course of a trial where adequate remedy by appeal exists, except upon a matter of jurisdiction or where applicant will suffer irreparable injury if relegated to relief by appeal only. Graves v. Graves, La.App., 122 So.2d 350; Vincent v. Grain Dealers Mutual Insurance Company, La.App., 134 So.2d 415.
It does not appear that restriction of present applicant to appellate relief will result in irreparable injui-y or irrevocable injustice to her cause. Consequently, the previously issued rule to show cause directed to the Honorable C. Lenton Sartain, Judge, Family Court, East Baton Rouge Parish, is hereby recalled, rescinded, vacated and set aside and this matter remanded to said Family Court for further proceedings consistent herewith. Costs of this application to be paid by defendant Paul Brown.
Writs recalled and case remanded to the lower court.