Rosemary ACKERMAN, Appellant,

v.

Edgar M. YANOSCIK, Appellee.

No. 17663.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 24, 1980.

Robert I. Peeples, Houston, for appellant.

Samuel M. Moore, III, Houston, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This action was initiated by the appellant for the purpose of having a foreign child support order registered and confirmed pursuant to the provisions of the Uniform Reciprocal and Enforcement of Support Act (URESA) § 21.61 et seq. Texas Family Code.

The foreign support order in question had been entered by the Court of Common Pleas, Division of Public Relations of Loraine County, Ohio on June 11, 1965, and under the terms of that order, appellee had been ordered to pay, pending further order of the court, $300.00 per month for the support of three minor children whose custody had been awarded to the appellant. At the time this action was brought to register the foreign support order, appellant's youngest child was over eighteen years of age. On November 6, 1979, the trial court dismissed the appellant's action, finding that it was without jurisdiction to register the order because the youngest child was over eighteen years of age at the time of the filing of the appellant's petition.

■ A party seeking to collect child support payments under a support order issued by a court of this State may obtain judicial relief to the extent of installments already accrued, and such party's remedies with respect to such accrued installments do not end when the child attains majority. *Houtchens v. Matthews*, 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd).

■ The Uniform Reciprocal and Enforcement of Support Act was designed to provide a simplified procedure for the interstate enforcement of child support obligations. *O'Halloran v. O'Halloran*, 580 S.W.2d 870 (Tex.Civ.App.—Texarkana 1979, no writ). Under the express provisions of the Act, a "support order as confirmed shall have the same effect and may be enforced as if originally entered in the court of this State." Section 21.66 Tex.Fam.Code Ann. The obvious purpose of the statute was to make a foreign support order, registered and confirmed in this State, effective as of the date the order was entered in the foreign state.

■ In the case at bar the foreign support order was entered prior to the child's eighteenth birthday, and the trial court erred in concluding that it was without jurisdiction to register and confirm the order in accordance with the statute.

■ It is clear from the trial court's conclusions of law that it dismissed the appellant's actions solely because the child had reached the age of eighteen before the action was filed. Since the court did have jurisdiction over the action, the cause will be reversed and remanded for further proceedings. In this respect it is noted that the only defenses which may be interposed in such a proceeding are those which relate to the validity of the original order, such as lack of jurisdiction or procedural defects which would render that judgment void. *O'Halloran v. O'Halloran*, supra.

The trial court's judgment is reversed and the cause is remanded.