399 So.2d 758 (1981)
Betty Jean FREANO, Plaintiff and Appellee,
v.
Joseph Delbert ROSENBAUM, Defendant and Appellant.
No. 8189.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
A. J. Fazzio, Lake Charles, for defendant and appellant.
George V. Perez, Lake Charles, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and LABORDE, JJ.
CULPEPPER, Judge.
This is an action under the civil enforcement provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), LSA-R.S. 13:1661-1688. The wife, currently residing in Tennessee, seeks child support for two of her children from the defendant, a Louisiana resident. After the hearing for support, the juvenile court ordered defendant to pay plaintiff $100 per month in child support payments. Defendant appeals.
The issue we address is whether under URESA an affidavit of the wife made in the initiating state without notice to defendant nor an opportunity for cross-examination is admissible at a hearing in the responding state to determine the wife's need for child support.
Plaintiff filed her petition for child support on June 2, 1980 in the Juvenile Court of Memphis and Shelby County, Memphis, Tennessee. Attached to her petition is an affidavit made by plaintiff listing, among other things, plaintiff's income, the names and ages of the children residing with plaintiff and an estimate of the monthly expenses necessary for the support of plaintiff and her children. These documents were *759 transmitted by the Juvenile Court in Tennessee to the Department of Health & Human Resources in Louisiana. Included along with the petition and affidavit is a "Certificate and Order" from the Memphis and Shelby County Juvenile Court which reads as follows:

"CERTIFICATE AND ORDER
"This cause came on for hearing before the Honorable Kenneth A. Turner, Judge of the Juvenile Court of Memphis and Shelby County, Tennessee, from all of which it appears as follows:
"1. That on the 2nd day of July, 1980, a petition was duly filed and verified by the above-named petitioner in this Court in a proceeding against the above-named respondent under the provisions of the Uniform Reciprocal Enforcement of Support Act, Sections 36-901 through 36-929 of the Tennessee Code Annotated, to compel the support of the dependent(s) named in the petition.
"2. That the above-named respondent is believed to be present in Lake Charles, Calcasieu Parish, Louisiana and that the Juvenile Court of Calcasieu Parish, Lake Charles, Louisiana may obtain jurisdiction of the respondent or his property.
"3. That in the opinion of the Court, the petition sets forth facts from which it may be determined that the respondent owes a duty of support and that such petition should be dealt with according to law.
"4. That the Court has examined the sworn petition and all other records in this cause, and it appears to the Court that the need of the dependent(s) named in the petition for support from the respondent is the sum of $200 per month.
"WHEREFORE, it is hereby ordered, adjudged and decreed that the petition filed herein, this certificate, together with copies of said Uniform Reciprocal Enforcement of Support Act, be transmitted in triplicate to the aforesaid Court."
Following receipt of certified copies of these documents, a hearing was scheduled before the Calcasieu Parish Juvenile Court in Lake Charles, Louisiana. Under the provisions of LSA-R.S. 13:1666, plaintiff was represented by the district attorney of the Fourteenth Judicial District. Plaintiff was not present at this hearing. At the hearing, objection by counsel for defendant was entered as to the admissibility of the affidavit on the ground that defendant had not been notified of the Tennessee proceedings and thus was unable to contest the accuracy of the affidavit by means of cross-examination. The affidavit was admitted over defendant's objection, and the judgment was subsequently rendered.
The question as to the admissibility of ex parte testimony where the defendant is denied the opportunity to cross-examine was considered in Carpenter v. Carpenter, 231 La. 638, 92 So.2d 393 (La.1956). There the wife initiated proceedings for child support under URESA in California against her former husband who was in Louisiana. A hearing was held in the California court where the allegations of plaintiff's petition were proved solely on the basis of the wife's testimony. The husband had not received notice of the proceeding and did not appear. Thereafter an order for support was issued by the California court ordering defendant to make monthly payments of $160. A hearing was then held in the Family Court of the Parish of East Baton Rouge wherein the only evidence introduced was that of the proceeding in the California court. Based on this evidence, the Louisiana Family Court rendered judgment against the defendant ordering him to make support payments of $75 per month.
The Supreme Court, in concluding the judgment was predicated on improper and insufficient evidence, stated:
"When in his answer, [defendant] denied liability for the alimony herein sought a duty devolved upon plaintiff to prove her claim with legal evidence as in ordinary suits, that is, by means of oral testimony, interrogatories, depositions, etc., with the defendant having the right to cross-examine the witnesses. Yet this plaintiff introduced only, and she relied wholly on, the testimony given by her during the *760 hearing before the California court, at which the defendant was not cited to appear and hence had no opportunity for cross-examination; and it amounted to nothing more than an inadmissible ex parte statement."
See also Brown v. Brown, 185 So.2d 286 (La.App. 1st Cir. 1966).
We think Carpenter is controlling in the present case. The record shows that no notice of the Tennessee hearing was ever received by defendant. Thus plaintiff's affidavit represents only an ex parte statement which is inadmissible. In a hearing for enforcement of support under URESA, a plaintiff must prove her case as in any other civil action. Plaintiff has failed to do so in the instant case. We therefore set aside the judgment and remand this case to the Calcasieu Parish Juvenile Court in order that further evidence be received.
We note that Section 1674 of URESA provides a vehicle by which evidence may be adduced where the obligee is not present at the support hearing. That section provides:
"§ 1674. Hearing and continuance
"If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court, upon request of either party, shall continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken."
Here neither party requested a continuance of the hearing so that further evidence could be adduced. This, however, does not validate a judgment based on improper evidence.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the Calcasieu Parish Juvenile Court for further proceedings in accordance with law and the views expressed herein.
REVERSED AND REMANDED.