**JACK H. BROWN & CO., Appellant,**

v.

**NORTHWEST SIGN COMPANY and Republic National Bank in Dallas, Appellees.**

**No. 05–83–00887–CV.**

Court of Appeals of Texas, Dallas.

Jan. 27, 1984.

**220**

Steven E. Clark, Goins & Underkofler, Charles L. Perry, Seay, Gwinn, Crawford & Womble, Dallas, for appellant.

Bertran T. Bader, III, Cox & Bader, Dallas, for appellees.

Before GUITTARD, C.J., and STEWART and SHUMPERT, JJ.

GUITTARD, Chief Justice.

In this proceeding to enforce a foreign judgment appellee has moved to dismiss the appeal. Appellee questions whether an appeal has been perfected from the original filing or the subsequent filing of a foreign judgment pursuant to Article 2328b–5 of the Texas Revised Civil Statutes (Vernon Supp.1982–83). We find that we have no appeal before us from the first filing, which was ineffective because it did not comply with the statute. We hold that appellant has properly perfected an appeal from the second filing and, therefore, we overrule the motion to dismiss.

The judgment in question was recovered in a suit in a district court in Idaho. The Idaho complaint names as defendants "Signgraphics, Inc., a foreign corporation with its principal place of business in Dallas, Texas," and also "John Does I through X," who, it alleges, are "unknown partners ... doing business under the name of Signgraphics." The return on the nonresident process shows that it was served in Dallas, Texas, on "Signgraphics, delivering to its registered agent for service Jack H. Brown." The judgment, although it refers to "defendants" in the plural, awards recovery of $1,951.47 "against defendant, Signgraphics, jointly and severally."

This judgment was filed in a district court of Dallas County on April 14, 1982, together with an affidavit of counsel, in attempted compliance with article 2328b–5 of the Texas Revised Civil Statutes (Vernon Supp.1982–83), which provides in part:

> Sec. 2 A copy of any foreign judgment authenticated in accordance with an act of congress or statutes of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed. A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed.
> Sec. 3(a) At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor.

However, the judgment was not authenticated as required by the statute. The affidavit of counsel avers that the name of the judgment debtor is "Signgraphics, Inc.," and does not mention any other defendant.

On January 24, 1983, appellee applied for a writ of garnishment requiring Republic National Bank of Dallas to answer whether it was indebted to Signgraphics, Inc. The garnishee filed an answer admitting that it was indebted to Jack H. Brown and Company, doing business as Signgraphics, in an amount in excess of the judgment. On March 22 the court signed an order reciting

that a motion to dissolve the writ of garnishment had been filed by "Jack Brown and Company, Inc., d/b/a Signgraphics." This order overrules the motion to dissolve and directs the garnishee to "hold in reserve until further ruling $2,500 in Account No. 267–031–3 garnished by Northwest Sign Co. in this action."

On March 25, apparently as a result of a suggestion by the judge at the hearing on the motion to dissolve, appellee filed an identical copy of the Idaho judgment, this time properly authenticated, and other papers in the Idaho suit. The affidavit of counsel accompanying this judgment avers that the name of the judgment debtor is "Signgraphics, Inc., John Does I through X d/b/a Signgraphics, a proprietorship or partnership." On April 22 "Jack H. Brown and Company, Inc." filed its "Motion to Vacate Enforcement of Foreign Judgment or Alternatively Motion for New Trial," alleging that the judgment debtor was "Signgraphics, Inc.," a corporation, but that plaintiff had instead garnished the bank account of "Jack H. Brown & Company, Inc. d/b/a Signgraphics." This motion bore the number and style of the garnishment action, but at a hearing on May 6, was changed with permission of the judge to bear the number and style of the original filing against "Signgraphics." After taking the matter under advisement, the judge signed an order on June 16 overruling the motion and denying all relief. This order has no effect on this appeal because the motion for new trial was overruled by operation of law on June 8, seventy-five days after the date the judgment was filed. TEX.R.CIV.P. 329b(c). The judge also signed an order on June 30 overruling the motion to dissolve the writ of garnishment and awarding judgment against the garnishee bank for principal and interest on the Idaho judgment.

On July 7 Jack H. Brown and Company, Inc. filed in both causes a cost and supersedeas bond reciting the filing of the foreign judgment on March 24 (sic) and the garnishment judgment of June 30. (On timely motion, this court extended the time for filing the bond to July 7.) On the same day Jack H. Brown and Company, Inc. also filed a petition for writ of error and bond in the original cause naming as parties adversely interested appellee Northwest Sign Company, Inc. and the garnishee bank.

In this court appellant Jack H. Brown and Company, Inc. has filed a motion to consolidate the appeal and the writ of error, which appellee Northwest Sign Company opposes. Appellee also has filed a motion to dismiss the appeal for want of jurisdiction.

The motion to dismiss raises several contentions. The first is that, since article 2328b–5 provides that a foreign judgment filed in accordance with the statute has the same effect and is subject to the same procedures, defenses, etc., as a judgment of the court in which it is filed, a motion for new trial was due within thirty days after the original filing on April 14, 1982. The motion asserts that since no motion was filed until more than a year later, the appeal should be dismissed and severed from the appeal in the garnishment action and this court should render judgment for appellee on the supersedeas bond.

■ We conclude that nothing is before us in the nature of an attempted appeal or petition for writ of error from the judgment as filed in April 1982. The cost and supersedeas bonds filed by appellant do not mention the judgment as filed in April 1982. Moreover, appellant would have no standing to appeal from the judgment as then filed because the affidavit of counsel filed with the judgment, as required by the statute, names only "Signgraphics, Inc." as judgment debtor. Although the statute provides that the foreign judgment has the same effect as a judgment of the court in which it is filed, it has that effect only when the judgment complies with the statutory requirements of authentication and the filing of an affidavit naming the parties and giving their addresses. A judgment debtor cannot be expected to respond and take such measures as may be available to him to avoid enforcement of a foreign judgment unless

the statutory requirements have been met. Consequently, the motion to dismiss is overruled with respect to the judgment as originally filed.

 The second contention in the motion is that the appeal and writ of error should be dismissed with respect to the judgment as filed on March 25, 1983, because, if the judgment as originally filed has the same effect as a judgment of the Texas court, a second filing of the same judgment could not extend the time for appeal any more than could another Texas judgment signed after expiration of the time for appeal from the first. This contention also is untenable, and for similar reasons. We cannot give the original judgment the same effect as a Texas judgment because of appellee's failure to comply with the statutory requirements of authentication and the filing of an affidavit naming the parties and giving their addresses. So far as concerns appellant Jack H. Brown and Company, Inc., we treat the filing of March 1983 as an original filing of the Idaho judgment.

 Appellee also asserts that appellant's "Motion to Vacate Enforcement of Foreign Judgment or Alternatively Motion for New Trial," filed April 22 in the garnishment action and later changed, with the court's permission, so as to be filed in the original proceeding, did not extend the time for appealing from the judgment as filed in March 1983 because it was not filed in that proceeding within the thirty-day limit prescribed by rule 329b(a) of the Texas Rules of Civil Procedure. We hold that the trial court properly considered the substance rather than the formal parts of the motion, correctly concluded that appellant's motion was filed in the garnishment action by mistake, and properly permitted it to be changed so as to show its filing in the original action. *Anderson v. Welch,* 92 S.W.2d 1121 (Tex.Civ.App.—Texarkana 1936, writ dism'd); Tex.R.Civ.P. 71. This holding does not adversely affect appellee because appellant has perfected a timely writ of error, as it is entitled to do under article 2249a of the Texas Revised Civil Statutes (Vernon Supp.1982–1983), since it

did not participate in the trial of the action in Idaho and we must treat the Idaho judgment, as filed in March 1983, as a Texas judgment. Accordingly, we overrule appellee's motion to dismiss for want of jurisdiction and grant appellant's motion to consolidate the appeal and writ of error. Thus, we have before us for review (1) the Idaho judgment in the original action, as filed in March 1983 and (2) the garnishment judgment of June 30, 1983.

Motion to dismiss overruled.

Motion to consolidate granted.