Jonnie P. BYRD, Appellant,

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES and Dolores Moreno Byrd, Appellees.**

No. 04–82–00631–CV.

Court of Appeals of Texas, San Antonio.

May 30, 1984.

Rehearing Denied July 17, 1984.

Oscar J. Pena, Sr., Laredo, for appellant.

Armando Trevino, Laredo, Lewis F. Boyd, Texas Dept. of Human Resources, Austin, for appellees.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment confirming and enforcing a foreign child support order. We affirm.

On December 8, 1981, appellees, Texas Department of Human Resources and Dolores Moreno Byrd, filed their First Amended Motion for Registration of Foreign Support Decree in the County Court at Law of Webb County, Texas. They initiated this action pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act, TEX.FAM.CODE ANN. §§ 21.- 61-.66, seeking to have an order of the Christian Circuit Court of McCracken County, Kentucky, registered and confirmed and for a determination of the amount remaining unpaid under that order. The Kentucky order was entered on September 23, 1965; under its terms appellant Jonnie P. Byrd was ordered to pay, until further order of the court, the sum of $80.00 per month for the support of two minor children whose custody was awarded to appellee Dolores Moreno Byrd.

In a bench trial the court confirmed the Kentucky support order, determined that $9,600.00 remained unpaid under the order, and awarded judgment for such amount to the Texas Department of Human Resources against appellant.

Appellant presents us with the following points of error:

Point of Error No. I.

The court erred in overruling appellant's defense of laches and limitations

Point of Error No. II.

The court erred in entering judgment for appellee because no evidence was presented to support judgment. If there was evidence, same was insufficient.

Point of Error No. III.

The court below had no jurisdiction to entertain the action.

Point of Error No. IV.

All necessary parties to adjudicate the dispute were not before the court.

No findings of fact and conclusions of law were requested and none have been filed. No statement of facts has been included in the record brought forward on appeal.

When the court in its judgment finds generally for one of the parties, but no specific findings of fact and conclusions of law are requested and none are filed, and no statement of facts is brought forward on appeal, there exists little basis for review, save in a situation where there is fundamental error, or where the court exceeds its jurisdiction in rendering the decree at all. In such a situation, the appel-

late court presumes that the judgment was supported by evidence offered upon the issues raised by the pleadings or tried by express or implied consent. 4 R. Mc-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 16.-10(a) (rev. 1971); *see Guthrie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965); *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 571, 243 S.W.2d 683, 685 (1951); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 616, 187 S.W.2d 363, 365 (1945); *Woodward v. Higdon*, 643 S.W.2d 470, 471 (Tex.Civ.App.—Waco 1982, writ ref'd n.r. e.).

We are of the opinion that because of the foregoing rules we must overrule appellant's points of error one, two, and four. Although appellant's points of error raise meritorious issues, we are in no position to pass upon them in the absence of a statement of facts. The error asserted in point of error two requires an examination of the statement of facts to determine whether appellant met his burden to establish his affirmative defense of limitation and to prove the essential elements of the affirmative defense of laches. The legal and factual insufficiency of the evidence is raised by appellant in his point of error two. Such cannot be considered on appeal in the absence of a statement of facts. *Vestal v. Jackson*, 598 S.W.2d 724, 725–26 (Tex.Civ.App.—Waco 1980, no writ). Appellant's point of error IV presents the question of whether all necessary parties were before the court. Necessary parties to adjudicate the dispute can only be determined by a review of the hearing on the motion to abate, if any, which must be included in the statement of facts. *See* TEX.R.CIV.P. 39.

Appellant's remaining point of error is point of error three, wherein appellant contends that "the court had no jurisdiction to entertain the action." In support of his contention he argues that this was an action for debt in which the amount in controversy exceeds the jurisdictional limit set by statute. He points out that an action to establish the unpaid support payments and collect them is really an action for debt; that in the case before us this is an action for debt in the amount of $15,440.00; that under the provision of TEX.REV.CIV. STAT.ANN. art. 1970–360, § 3(a) (Vernon Supp.1984), the County Court of Webb County, Texas, has no jurisdiction in actions for debt where the amount in controversy exceeds $10,000.00.

Appellant has failed to note TEX. REV.CIV.STAT.ANN. art. 1970–360, § 3(b) (Vernon Supp.1984) bestows *additional* concurrent civil jurisdiction on the County Court at Law of Webb County "in suits, causes and matters involving ... Uniform Reciprocal Enforcement of Support Act ... and any and every other matter incident to divorce or annulment proceedings as well as independent actions involving ... support of minors ...." Additionally, in TEX. FAM.CODE ANN. § 21.24 (Vernon Supp. 1984), it is expressly set out that jurisdiction of all proceedings under the Uniform Reciprocal Enforcement of Support Act is vested in the district court and, as in the instant case, in any other court authorized to order support of children.

Appellant also argues that the court no longer had jurisdiction because the children were no longer minors when the order, subject of this appeal, was rendered. We find no merit to this argument. Appellant cites no authorities or precedent in support of this portion of his point of error. The precedent we have found is to the contrary. In *Ackerman v. Yanoscik*, 601 S.W.2d 72, 73 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), the court held that a Texas court has jurisdiction to register and confirm a foreign support order even if the youngest child is over eighteen years at the time the action is filed. We agree with the court's holding in *Ackerman*, and find appellant's contention to be without merit. Appellant's point of error three is overruled.

The judgment of the trial court is affirmed.