No. 84-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF OREGON, ex rel., JOYCE
E. WORDEN,

                    Petitioner and Respondent,

    -vs-

RAY HARRISON DRINKWALTER,

                    Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Galles & Gunderson; Allen D. Gunderson, Billings,
                Montana

        For Respondent:

                Terrence Swift, Billings, Montana

                            Submitted on Briefs:  Jan. 31, 1985

                                     Decided:  May 2, 1985

Filed: MAY - 2 1985

_____
                Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an action arising under the Uniform Reciprocal Enforcement of Support Act (section 40-5-101 to -142, MCA) (URESA). The District Court of the Thirteenth Judicial District, Yellowstone County found that respondent Ray Drinkwater had a continuing obligation to pay child support to petitioner Joyce Worden. The court also found respondent to be in arrears on past support payments. Respondent appeals from this order. We affirm.

The parties to this action received a decree of divorce from the District Court in Yellowstone County, Montana on July 17, 1967. The decree provided that the mother, now named Joyce Worden, had custody of their three children, and set the father's child support payments at $150 per month. The order did not apportion child support amounts per child, stating only "that the defendant pay the plaintiff the sum of $150 per month for the support and maintenance of the minor children."

Subsequently, the mother moved with the children to Oregon. The father remained in Montana. He paid support to the mother until April 1, 1980, when he began splitting the payments between the mother for the minor daughter, and the other minor child who had moved in with his brother. When the second minor child reached the age of eighteen, the father unilaterally and without modification of the original decree, reduced the amount of child support he paid to the mother, for the benefit of the remaining minor child, to $75 per month.

In September of 1983, the father stopped paying child support for the remaining minor child, alleging that she had

become emancipated. The mother filed a support action under URESA in the Oregon district court. The Oregon court found a duty of support, and forwarded the mother's complaint to the responding court in Yellowstone County, Montana. The father answered the Montana court's order to show cause, alleging that he had overpaid child support and that he did not have a duty to support his "emancipated" daughter. Next, the father filed a motion to produce payroll records of the minor child where she was employed in Oregon. The mother's motion to quash this motion for production was granted. Both parties later propounded interrogatories and requested additional documents, which were provided.

The District Court heard the matter on April 19, 1984. Following the hearing, the court ordered the father to continue to pay $150 per month child support until the minor daughter reaches majority, and ordered payment of $3,525 arrearages at the rate of $50 per month until the daughter reaches majority. After that date, the father was to make $200 per month payments until the debt was liquidated. The father moved to amend the court's findings and conclusions. The motion was denied, and the father appeals, presenting the following issues for review.

(1) That the District Court erred in granting the mother's motion to quash father's request for production of certain payroll records of the daughter.

(2) That the District Court erred in finding that the minor daughter was not emancipated.

(3) That the District Court erred in not allowing the father credit for payments he made that were in excess of the monthly payments required by the decree.

District courts have the discretionary power to control discovery activities in cases pending before them. We will overturn a district court order affecting discovery only if it amounts to an abuse of discretion, State ex. rel. Guarantee Ins. Co. v. District Court (Mont. 1981), 634 P.2d 648, 38 St.Rep. 1682.

Here, the mother's motion to quash and request for a protective order alleged that the father's request for discovery was oppressive, irrelevant, and meant to harass. Father responded citing the requested documents relevance to the issue of emancipation. In granting the mother's motion the District Court stated that it was "fully advised" of these grounds, and cited Ackerman v. Yanoscik (Tex. 1980), 601 S.W.2d 72 for the rule that the only defenses available to an obligor in a URESA enforcement action are those that relate to the validity of the original order, such as lack of jurisdiction or procedural defects.

The father argues that the District Court's reliance on Ackerman is in error. He contends that in a case, such as this one, where the URESA responding court and the court that issued the original decree are the same, the obligor may request a modification of the original decree, citing Freano v. Rosenbaum (La. 1981), 399 So.2d 758, and Carpenter v. Carpenter (La. 1956), 92 So.2d 393. Thus, he argues, since the original decree was at issue, the documents he sought production of are relevant and properly discoverable.

We do not read these cases to stand for the proposition that modification and URESA enforcement actions somehow become "merged" when, through happenstance, the courts are the same. A request for the modification of a divorce decree is separate and distinct from the present action which arises

under URESA. This action is controlled solely by URESA statutory and case law and it does not matter whether the obligor is present in the same jurisdiction granting the original decree; URESA is also designed to protect obligees that leave the original jurisdiction, Commonwealth v. Mexal (Penn. 1963), 193 A.2d 680. The cases father cites simply stand for the rule that the responding court must find the obligor has a duty of support, see section 40-5-125, MCA; and where the obligor has denied that duty, that the obligee has the burden to prove the same. The jurisdictions are split on the scope of this inquiry. The Yanoscik case cited by the District Court articulates the rule that the responding court is limited to examining the foreign court's order to see if it, on its face, states such a duty. See also Littrel v. Littrel (Tex.Ct.App. 1980), 601 S.W.2d 207. If so, the only defenses available to the obligor are jurisdictional or procedural in nature.

The other, majority rule is that the responding court may make an independent review of the duty and amount of support due from the alleged obligor and enter its own decree. State on Behalf of McDonnell v. McCutcheon (Minn. 1983), 337 N.W.2d 645; Sullivan v. Sullivan (Ill.App. 1981), 424 N.E.2d 957, 960; Fox, The Uniform Reciprocal Enforcement of Support Act 12 Family Law Quarterly 113, 130 (1978).

Because there are alternative grounds supporting the District Court order, we will not decide here which rule applies in Montana. Rule 26(c) M.R.Civ.P. allows a District Court to issue a protective order to prevent one party to a lawsuit from being harassed by the other. One common situation where such relief is granted is where it is necessary to protect a party from unjustifiably repetitious

5

demands. Here, the father's request for _all_ of the daughter's pay stubs and wage information is clearly repetitive and unjustifiable in light of the fact that he requested, and received, her W-2 statements containing the same information. The District Court did not abuse its discretion in granting the mother's motion.

The same reasoning applies to the father's second allegation of error; that the District Court erred in not finding his minor daughter emancipated and thus that he did not owe a duty of support for her. Assuming, arguendo, that we adopted the broader majority rule, stated above, on the responding court's powers of inquiry and action in a URESA action, we still could not overturn the District Court's order. The question of emancipation is primarily factual. In that regard, we will look to the record to see if the District Court's findings are supported by substantial credible evidence, or are not clearly erroneous. Here, there is substantial credible evidence supporting the District Court's findings. The mother introduced affidavits explaining her and her daughter's living situation, why they lived apart for awhile and where. The daughter's W-2 statements do not show that she earned enough money to support herself. The court heard the father's testimony, and chose to believe the mother. We cannot say that this choice was clearly erroneous, or not supported by substantial evidence.

Alternatively, if we adopted the narrower minority rule, this inquiry is irrelevant to the URESA action, and the father has no grounds upon which to allege error. Under this rule, his option is to petition the District Court for a modification of the divorce decree.

Finally, the father argues that in the past he made several payments to the mother in excess of his monthly obligation, and that the District Court erred in not crediting those payments against his arrearages. The District Court noted that "[t]he respondent testified that he had 'overpaid' his child support requirement by making payments individually to his minor children." (Emphasis added.) The court also had before it numerous check stubs and receipts of alleged overpayments. The decree of divorce provided that "the defendant pay the plaintiff the sum of $150 per month for the support and maintenance of the minor children of the parties." (Emphasis added.) His obligation under the decree was to make the support payments to the mother. He could not discharge this duty by payments to the children directly, or by reaching a unilateral conclusion that some of his children were emancipated. Nor were such payments in "substantial compliance" with the decree. Hadford v. Hadford (Mont. 1981), 633 P.2d 1181, 38 St.Rep. 1308; Delaney v. Delaney (1981), 195 Mont. 259, 635 P.2d 1306. Once an obligor's payments become due under a decree of divorce they are fixed and absolute, and the law puts the burden upon the obligor to make a positive act if he desires to modify these obligations. Section 40-4-208, MCA; State ex rel. Voorhies v. District Court (Mont. 1983), 668 P.2d 241, 40 St.Rep. 1368. Based on this, the court found the father to be in arrears to the mother because he had not made the payments required by the decree. We affirm.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices