Holl.Fnl 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-228-CV





HOLLAND SERVICES, INC.,


RICHARD MICKELSON AND MARGARET MICKELSON,




 APPELLANTS


vs.





D. D. TANKS AND BAKER TANKS,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 474,598, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 



 


 This case presents an intriguing question: Does Texas Rule of Civil Procedure
329b preclude an attack upon a foreign judgment registered pursuant to the Texas Uniform
Enforcement of Foreign Judgments Act? After examining Rule 329b and the language of the Act,
we believe the answer to that question to be "no." Accordingly, we reverse the decision of the
district court and remand this cause for further proceedings.



THE CONTROVERSY


 On September 15, 1989, the Superior Court of California, County of Los Angeles,
rendered a default judgment totalling $89,000 in a breach of contract suit against Holland
Services, Inc., and Richard Mickelson and Margaret Mickelson, individually. The Mickelsons
never appeared before the California court.

 D. D. Tanks and Baker Tanks, plaintiffs, subsequently registered the California
judgment in Texas pursuant to the Uniform Enforcement of Foreign Judgments Act. Tex. Civ.
Prac. & Rem. Code Ann. §§ 35.001-.008 (1986) ("Uniform Foreign Judgments Act"). The
judgment was filed in the district court of Travis County on November 14, 1989. Thirteen days
later, on November 27th, the Mickelsons moved to vacate the judgment on the ground that the
California court lacked in personam jurisdiction over them.

 A hearing to consider the motion to vacate was set on December 14, 1989. The
hearing was canceled and the record is silent as to whether it was ever rescheduled. In April,
appellees entered an oral plea to the Texas court's jurisdiction and apparently argued that the time
limit during which the district court could exercise its jurisdiction had expired. (1) On August 8th,
the district court denied the Mickelsons' motion to vacate the foreign judgment. The Mickelsons
now appeal this denial. (2)

 The trial court found that the Mickelsons' motion to vacate the judgment was
overruled by operation of law under Texas Rule of Civil Procedure 329b because more than 75
days had passed from the date the judgment was filed (November 14, 1989). The court noted
that, under Rule 329b, its plenary jurisdiction to vacate the judgment had expired and concluded
that a bill of review constituted the Mickelsons' only avenue to challenge the judgment.

 On appeal, the Mickelsons' complain that the district court erred in overruling their
motion to vacate the California judgment. In three points of error, they allege that: (1) the
Uniform Foreign Judgments Act is unconstitutional because it fails to provide due process of law
to a party wishing to challenge the full faith and credit owed a foreign judgment; and (2) Rule
329b does not apply to foreign judgments filed in this state. Because we conclude that Rule 329b
is inapplicable to foreign judgments, we decline to address the constitutional issues.



DISCUSSION


 Texas Rule of Civil Procedure 329b sets forth the time frames to determine both
the timeliness and the disposition of various post-judgment motions. The rule provides, in part,
that



The following rules shall be applicable to motions for new trial and motions to
modify, correct, or reform judgments . . . in all district and county courts: 


. . . .


(c) In the event an original or amended motion . . . to modify, correct or
reform a judgment is not determined by written order signed within
seventy-five days after the judgment was signed, it shall be considered
overruled by operation of law on expiration of that period.


(d) The trial court . . . has plenary power . . . to vacate, modify, correct, or
reform the judgment within thirty days after the judgment is signed.


. . . .


(f) On expiration of the time within which the trial court has plenary power,
a judgment cannot be set aside by the trial court except by bill of review for
sufficient cause . . . .



Tex. R. Civ. P. Ann. 329b (Supp. 1991). The date on which a judgment is signed effectively
begins the time periods required for filing subsequent motions and determines when motions are
overruled as a matter of law. The date of signing is made the touchstone against which the
timeliness of any subsequent motion will be measured. The issue presented in this appeal is
whether Rule 329b's measure of timeliness applies to a foreign judgment registered in this state
under the Foreign Judgments Act. 

 We approach this issue by looking at the underlying purpose and scope of the Rules
of Civil Procedure in general, and of Rule 329b in particular. Rule 1 states that "the proper
objective of rules of civil procedure is to obtain a just, fair, equitable, and impartial adjudication
of the rights of litigants under established principles of substantive law." Tex. R. Civ. P. Ann.
1 (Supp. 1991). Thus any application of Rule 329b to a foreign judgment must not prejudice the
rights of the parties to a fair adjudication.

 The commentary to Rule 329b suggests that its timetables were established to
provide explicitly for finality in the proceedings of the state's district and county courts. (3) This
procedural rule was developed to address historical shortcomings in our own state court system. 
The commentary is silent as to whether Rule 329b was intended to apply to the actions of foreign
courts.

 We will consider the goal of finality in determining the scope of Rule 329b's
application. However, we must also address the concerns that appellants raise about the
consequences of applying this Texas rule of procedure to the decision of a sister state. 

 The intended scope of the Rules of Civil Procedure is set forth in Rule 2: "These
rules shall govern the procedure in the justice, county, and district courts of the State of Texas
in all actions of a civil nature . . . ." Tex. R. Civ. P. Ann. 2 (Supp. 1991). Admittedly, this
provision does not expressly prohibit an application of our rules to a foreign judgment. However,
we believe this language does give rise to a presumption that the rules of procedure, including
Rule 329b, are only applicable to the judgments of Texas courts. This presumption is bolstered
by contemplating the specific applicability of Rule 329b, which measures timeliness from the date
a judgment is signed. Applying the Rule 329b timetable from the date a foreign judgment is
signed would be nonsensical, as a foreign judgment may become final under the literal terms of
Rule 329b before it is filed in this state.

 The Mickelsons' case is illustrative. The California judgment was signed on
September 15, 1989. Under a strict reading of Rule 329b, in the absence of a motion for new
trial, a Texas court's plenary power to vacate the judgment expired thirty days later on October
15, 1989. Plaintiffs registered their California judgment in Texas on November 14, 1989. Thus
a literal application of the rule would have allowed the Mickelsons no time in which to invoke the
Texas court's plenary jurisdiction. We reject any such result as manifestly unjust. Applying Rule
329b's timetable from the date a foreign judgment is signed contravenes the underlying objective
supporting the Rules. See Rule 1, supra. "Generally the rules are but tools to be used in
procedural conduct aimed at the objective of accomplishing justice . . . . If their application
would effect injustice they are to be disregarded for that is the antithesis of their purpose." 
Brightwell v. Rabeck, 430 S.W.2d 252, 257 (Tex. Civ. App. 1968, writ ref'd n.r.e.).

 In order to apply Rule 329b to foreign judgments, the district court had to
substitute "the date the judgment was filed" for "the date the judgment was signed" as the
measuring point for timeliness. The district court based its rewriting of Rule 329b on language
found in Jack H. Brown & Co. v. Northwest Sign Co., 665 S.W.2d 219 (Tex. App. 1984, no
writ). In applying Rule 329b to a foreign judgment, that court held that "the motion for new trial
was overruled by operation of law . . . seventy-five days after the judgment was filed" Id. at 221
(emphasis added). We decline to give persuasive effect to this language in Jack H. Brown Co.
for the simple reason that Rule 329b, as presently written, measures timeliness from the signing
of a judgment and not from its filing. The word filing appears nowhere in the text of the rule. 
We are unprepared to adopt the view that the filing of a foreign judgment is the functional
equivalent of its signing. (4) 

 We are sympathetic with the concern for finality that must have inspired the trial
court's creative effort to apply Rule 329b to a sister-state judgment. If Rule 329b does not apply,
the Uniform Foreign Judgments Act provides no procedure and no timetable for challenging the
full faith and credit of a foreign judgment registered pursuant to the Act. The Texas statute is not
alone in this oversight. Of the many states which have adopted the Uniform Enforcement of
Judgments Act, only one has corrected this statutory deficiency. See Fla. Stat. Ann. § 55.509(1)
(West Supp. 1991). (5) By comparison, the Texas statute governing the recognition of judgments
of foreign countries establishes a procedure and a timetable for contesting the recognition of
judgments of foreign countries. Uniform Foreign Money-Judgments Recognition Act, Tex. Civ.
Prac. & Rem. Code Ann. §§ 36.001-36.008 (1986 & Supp. 1991). (6) Section 36.0044 of that act
permits a defendant to file a motion for nonrecognition of a judgment of a foreign country within
thirty days after the date of the service of the notice of filing, affording the defendant sufficient
time to learn of the filing before the time for challenging the recognition of the judgment begins
to run. There is no requirement that the hearing on recognition be held within this thirty-day
period.

 By contrast, applying Rule 329b to foreign judgments from the date of filing may
not afford defendants sufficient time to bring a challenge to the judgment of a sister state. 
Although the Uniform Foreign Judgments Act requires the clerk of the Texas court where the
sister-state judgment is filed promptly to mail notice of the filing to the defendant at the address
supplied by the out-of-state creditor, see Uniform Foreign Judgments Act § 35.004, the date of
filing will almost never coincide with the date defendant is served with notice. Indeed, a timetable
that begins to run from the date of filing may expire before actual notice is served. More
importantly, Rule 329b requires that a hearing on the validity of a foreign judgment be held within
a seventy-five day period after a judgment is filed. This may prove a difficult deadline to meet
even if a motion to vacate is timely filed. Concern for finality does not outweigh our concern for
fair play, which must include sufficient time to challenge the recognition of the foreign judgment. 
For this reason we hold that Rule 329b, even as adapted by the trial court, does not apply to
foreign judgments registered in this state under the Uniform Foreign Judgments Act.

 Until the legislature chooses to amend the Uniform Foreign Judgments Act to
provide a procedure, including a time period, for challenging the full faith and credit of sister-state
judgments registered in this state, we must endure the consequences of the present statutory void.

 Because we hold that Rule 329b does not apply to foreign judgments registered in
this state, the trial court erred in holding that the appellants' motion to vacate judgment was
overruled by operation of law seventy-five days after the California judgment was filed in Texas. 
Having sustained appellants' second point of error, we need not address their constitutional
challenges to the statute. The cause is reversed and remanded for further proceedings consistent
with this opinion.



 Bea Ann Smith, Justice

[Before Justices Powers, Jones and B. A. Smith]

Reversed and Remanded

Filed: October 30, 1991

[Do Not Publish]

1.   Inasmuch as the plea to the jurisdiction was oral, the record contains no written
summary of the appellees' argument. We reconstruct their argument by referring to the
Mickelsons' response to the oral plea contained in the transcript.
2.   We must first determine whether this denial of a motion to vacate permits this court
to exercise any appellate jurisdiction. The statute governing jurisdiction allows for appeal
"from a final judgment of the district or county court." Tex. Civ. Prac. & Rem. Code Ann.
§ 51.012 (1986). The district court's denial is not, by definition, a final judgment. However,
the effect of the denial is tantamount to the rendition of a final judgment because the denial
effectively disposes of both the parties and the issues before the court. See North East Indep.
School District v. Aldridge, 400 S.W.2d 893 (Tex. 1966). Because the Uniform Foreign
Judgments Act does not specify a particular procedure by which to challenge a foreign
judgment's registration, we are unprepared to say that a motion to vacate cannot be used. 
Were a denial of the motion to vacate not to be equated with a final judgment, we are unable
to determine how a challenging party could ever take an appeal of the denial.


 Admittedly, the law here is unclear. But we believe our review of the district court's
order to have support in other areas of the law. We note that the Revised Uniform Reciprocal
Enforcement of Support Act ("RURESA") provides for the registration of child-support orders
of a sister state. RURESA suggests that a "petition to vacate" is the appropriate procedural
step to challenge the full faith and credit of a foreign judgment registered in this state. Tex.
Fam. Code Ann. § 21.40(b) (Supp. 1991). In this context, were a trial court to grant a motion
to vacate a foreign judgment, such an order would be considered a final, appealable order. 
See Ackerman v. Yanoscik, 601 S.W.2d 72 (Tex. Civ. App. 1980, no writ) (in which the
appellate court exercises jurisdiction to reverse the trial court's holding that it was without
jurisdiction to register a foreign support order). 
3.   See General Commentary-1966, Tex. R. Civ. P. Ann. 329b (1977). The Commentary
suggests that Rule 329b evolved in response to the early custom of Texas courts to meet
during fixed terms. Throughout a term, a court would retain its jurisdiction over any
judgment rendered earlier in the term, effectively delaying any imprimatur of finality to the
judgment. Rule 329b allowed judgments to be afforded finality as though the court's term had
expired. 
4.   Rule 329b contemplates that the signing of a judgment commences the timetable
calculating the expiration of the trial court's plenary jurisdiction. If the filing of a
judgment were to trigger that jurisdiction, a judgment creditor could effectively control
jurisdiction. A judgment creditor's delay in filing a foreign judgment in this state
presumably would also extend the Texas court's plenary jurisdiction. This result seems
incongruent with Rule 329b's purported objective of promoting the finality of judgments. 

5.   Fla. Stat. Ann. § 55.509(1) (West Supp. 1991) provides the following:


If, within 30 days after the date the foreign judgment is recorded, the
judgment debtor files an action contesting the jurisdiction of the court
which entered the foreign judgment or the validity of the foreign judgment
and records a lis pendens directed toward the foreign judgment, the court
shall stay enforcement of the foreign judgment and the judgment lien upon
the filing of the action by the judgment debtor. 
6.   This Act applies to the judgments of foreign countries. By definition, it is
inapplicable to the judgments of the American states. Id. at § 36.001-002. Interestingly,
the Uniform Foreign Judgments Act defines "foreign judgment" as "a judgment, decree, or
order of a court of the United States or of any other court that is entitled to full faith and credit
in this state." See Tex. Civ. Prac. & Rem. Code. Ann. § 35.001 (1986) (emphasis added). 
Conceivably, a judgment of another nation would meet this statutory definition. However, a
review of the Prefatory Note accompanying the text of the Model Act (upon which the Texas
Act is based) indicates that its drafters contemplated this model act to apply only to judgments
of the American states. See Unif. Enforcement of Foreign Judgments Act, 13 U.L.A. 149,
150 (1964).